*Field vs. Martin.*

---

JOHN D. FIELD, Jr., plaintiff in error, *vs.* MARTHA C. MARTIN, administratrix, defendant in error.

1. Where one of two obligees in a bond for titles dies, the action for a breach of the bond, for not executing a deed as provided in the bond, may be brought in the name of the survivor.
2. If the obligor in the bond, after its execution, sell the land to a third person, giving such person a bond for titles, puts him in possession, and receives the whole of the purchase money, it is a breach of the first bond, and no demand for a deed is necessary before action is brought.
3. Although it may be necessary for the plaintiff to aver in his pleadings the fact that he is the survivor, as well as the facts as to the second

sale, in order to be entitled to prove them as a matter of right, yet if the testimony be admitted without objection, and no motion is made to withdraw it from the jury, he is entitled to the benefit of such testimony on a motion for a non-suit.

Bond for titles. Demand. Joint obligees. Non-suit. Pleading. Before Judge KNIGHT. Lumpkin Superior Court. April Adjourned Term, 1873.

This is the second time this controversy has been before the Supreme Court. See 46 *Georgia Reports*, 99.

John D. Field, jr., brought complaint against Martha C. Martin, as administratrix upon the estate of William Martin, deceased, for $150 00, besides interest, alleged to be due upon a bond for titles, executed by said intestate, on November 6th, 1847, by which he obligated himself to make to plaintiff and to David Nichols a warranty deed to certain lands, upon the payment to him of $150 00. The declaration set forth the payment of the purchase money, a demand for a deed to plaintiff, or a repayment of the purchase money, with interest, and a refusal of defendant to comply with either request.

The plaintiff introduced the admission of the defendant, as to the demand and refusal alleged in the declaration. Also, the bond for titles to plaintiff and Nichols, and the receipt of intestate for the purchase money from the plaintiff. Also, bond for titles, covering the same land, from intestate to John Huff, dated October 27th, 1856. Also, the return of William Martin, the intestate, as the administrator upon the estate of David Nichols, deceased, showing claim to an undivided half interest in the aforesaid land. Also, a second return, showing that no property had come to his hands.

John Huff testified that the bond executed by the intestate to him was genuine; that he paid the purchase money before Martin's death; that the lot, at the time of his purchase, was of the value of $200 00; that at the time of his purchase, the widow of Nichols was in possession, under Martin, but she gave up the place to him, and he has since retained possession.

Plaintiff closed. Defendant moved for a non-suit. The motion was sustained, and the plaintiff excepted.

WIER BOYD; H. P. BELL, for plaintiff in error.

W. P. PRICE, for defendant.

TRIPPE, Judge.

1. This case was before this Court, as reported in 46 *Georgia*, 99. It was then in the names of John D. Field, jr., suing for himself and David Nichols, for the use of John D. Field, jr. It was held, that Nichols being dead, the suit could not go on in his name, the Court saying, "We will not say that Field may not, as survivor, bring an action on the bond, but he must show a breach," etc. Upon the new trial that was had, plaintiff amended his declaration, by striking out the name of "Nichols, for the use," etc., so that now it is in his own name. The rule is, that where one or more of several obligees, covenantees, partners, or others, having a joint legal interest in the contract, dies, the action must be brought in the name of the survivor: 1 Chitty on Pleadings, 11. This is a case of two joint obligees, and one being dead, the suit can be maintained in the name of the survivor. It was further held in 46 *Georgia, supra,* that the obligation of the bond was to make the title to both Field and Nichols; and that a demand by Field to have a deed made to him, individually, although he may have paid all the money, and a refusal by the obligor so to make it, was no breach of the bond.

2. Plaintiff, on the trial, proved that the obligor in the bond, in 1856, sold said land to one John Huff, and gave his bond for titles to Huff, and that Huff had paid the purchase money, and claims this to be a breach of the bond. In *Baynes vs. Bernhard,* 12 *Georgia,* 150, it was decided, that in an action on a bond for titles, it is necessary to aver a demand, and prove it, or to aver a sufficient excuse for not making it, and prove it. The fact in that case was, that the obligor

Field *vs.* Martin.

never had a title to the land which he bound himself to convey, and that was held a sufficient excuse.   It was further stated in that decision, that where a vendor has incapacitated himself from executing a conveyance to the purchaser, it makes further action on his part unnecessary.   He can, in such a case, maintain an action without even tendering the purchase money.   Inability to comply with his covenant, is itself a breach.   Various authorities are referred to in support of this proposition : 1 Sug. on Vendors, 275, 276, top page 6 Am. Ed.; 1 Esp. cas., 189 ; 1 H. Black. 270 ; 6 Cow., 18. We recognize the reason of this principle, and that it is well founded in authority, and that it determines this case.   The obligor in this bond, subsequent to its execution, sold the land to a third party, put him in possession, and received all the purchase money.   This certainly was in violation of, and a breach of the bond to plaintiff.   The bond that he made to Huff, when he received the purchase money, was not only a color of title which, by possession for seven years, would be good against everybody; but the moment the obligor received the money, was as a perfect equity, as good against Martin as a formal deed executed with full solemnity.   He was disabled from moving against Huff on account of his own act; and yet there was his bond outstanding to plaintiff.   It was an act of hostility to, and in denial of his first bond, and rendered any action on the part of plaintiff, before bringing his suit, as unnecessary as if a deed had been made to Huff.

3. It is true that there was no averment in the declaration of a breach, on the ground of the facts that were proven in reference to the sale to Huff, to-wit: the bond to him and receipt of the purchase money from him.   But the evidence was admitted without objection, there was no motion to withdraw it from the jury, and the case was dismissed after plaintiff had closed, on the grounds that the plaintiff could not maintain the action in his own name, and that a demand for title, to be made to himself, and a refusal so to do by obligor, was no breach of the bond.   It may be necessary for plaintiff to amend his declaration and describe himself as survivor, and

also to allege the sale to Huff, etc. But he ought to be allowed the privilege so to do. The testimony showed both of these facts. Had there been a verdict for plaintiff, no motion in arrest of judgment could have been sustained for any defects in the pleading which could have been amended. The verdict would have cured such. If so, a non-suit or dismissal on these grounds was error. If the evidence would have sustained a verdict, and a verdict cured the defects, that was sufficient answer to a motion to dismiss. Had the admission of the testimony been objected to because the averments did not authorize it, or had a motion to rule it out after it was admitted on that ground, and no amendment been made to justify its introduction, then either motion would have been in order, and when sustained, a motion to dismiss might have been proper. But whilst the evidence was before the jury unobjected to, the party introducing it was entitled to the benefit of it: See 39 *Georgia,* 708; *Siesel & Brother vs. Harris,* 48 *Georgia,* 652.

Let the judgment dismissing the case be reversed.