SEABOARD AIR-LINE RAILWAY *v.* HOOD.

ATKINSON, J. The averments of the petition presented issues relating to the negligence of the defendant and the diligence of the plaintiff, which were appropriate 'for determination by a jury, and it was not error to overrule a demurrer to the same.

*Judgment affirmed. All the Justices concur.*

Submitted July 18,—Decided December 20, 1906.

Action for damages. Before Judge Little. Muscogee superior court. December 9, 1905.

The exception was to the overruling of a demurrer to the petition, the material allegations of which were, in brief: The defendant company operated a railroad and hauled freight-cars through and across certain streets of Columbus. An ordinance of that city required that cars should not be propelled through the streets at a speed greater than six miles per hour. About the center of Front street is a track extending north and south, over which defendant hauled cars, and on either side of the track and parallel with it was a roadway for vehicles. At the intersection of Front and 8th streets was a crossing over the railroad track, where persons constantly passed. The roadway on the west side of the track between 7th and 8th streets was about 50 feet from the railroad track until within about 50 feet of the south side of 8th street going north from 7th street, then the roadway turned in a northeast direction for about sixty feet until it reached within 8 or 10 feet of the crossing over the railroad track, and then it turned due east over the crossing; and persons desiring to go east of 8th street from the west side of the track where it crossed said street had to cross the track at that point. About 3 o'clock in the afternoon of December 24, 1904, the plaintiff was riding in an automobile on Front street, and passed along the west side of the railroad track on the roadway, going north from 7th street. Desiring to go out 8th street east of said track, it was necessary to cross the railroad at the intersection of Front and 8th streets. He was running the automobile at a speed of about five or six miles an hour. When he reached to within 8 feet of the crossing, he turned his vehicle from a northeast to a due east direction, when he discovered for the first time a train of cars drawn by an engine operated by defendant's servants, about 50 or 60 feet distant, coming toward the crossing from the

south; and thereupon he increased the speed of his vehicle in order to pass over before the engine could strike him. When his vehicle was about on the center of the crossing the defendant's engine struck it with great force, and in an attempt to save his life he jumped over the front of his vehicle. While in the act of jumping the engine struck him above the right hip, and he was thrown violently to the ground and injured (describing the injuries). When he first discovered the engine and cars it was impossible to stop his automobile before he would be on the crossing and track, and therefore it was safer for him to attempt to cross than to stop. His injuries were caused by the gross negligence and wanton and wilful conduct of the defendant's servants, in running the engine and cars at the dangerous and unlawful speed of 25 or 30 miles an hour; no bell was rung or other warning signal given of the approach of the train; and no effort was made to stop the train or check its speed. The railroad track was straight for a distance of 600 feet south of the crossing, and the view was unobstructed. His back was turned to the train as he went north and then northeast toward the crossing; he could have been seen by the engineer, who was obliged to know that his purpose was to pass over the track at the crossing; and with this knowledge, and when his situation was discovered, the defendant's servants, with reckless and wanton disregard of his safety, made no effort to prevent the collision. He was without fault, and after he discovered the defendant's negligence he did everything in his power to prevent the injury. He makes allegations as to the damages sustained.

The grounds of demurrer were, that no cause of action was set forth; that the petition showed that the injury was the result of the plaintiff's own carelessness and negligence, and could have been avoided by the exercise by him of ordinary and reasonable diligence; that from the instant he manifested an intention to cross the railroad he had means and opportunity, superior to those of defendant, of discovering and avoiding the danger of the attempt to cross, and the defendant had no sufficient means or opportunity of discovering and avoiding the same; that if the collision was not the result of the plaintiff's own and sole negligence, it appears to have been the result of unavoidable accident; that it was impossible for the collision to have occurred in the manner and circumstances alleged; that it does not appear how or why it would have been im-

possible to stop the automobile before it would be on the track, or safer to attempt to cross than to stop; and that it does not appear that an effort to stop the engine and cars could have availed to prevent the collision.

*Goetchius & Chappell,* for plaintiff in error.

*J. H. Martin,* contra.