## 4589. ADAMSON et al. v. McEWEN.

A. invited B. to become his guest in an automobile, for a trip to a designated point. B. consented to do so if A. would permit him to pay the expenses of the party while at the point of destination. The automobile was driven by the chauffeur of A. B. had no interest in the automobile and exercised no control or management over the chauffeur

in the actual driving or operation of the machine. *Held*, that B. was not liable for the negligent conduct of the chauffeur in the operation of the machine.

DECIDED MARCH 18, 1913.

Action for damages; from city court of Carrollton—Judge Beall. December 13, 1912.

*Buford Boykin, R. W. Adamson,* for plaintiffs in error.
*Newell & Fielder,* contra.

HILL, C. J. This was a suit against four persons to recover the value of a mule alleged to have been killed by their negligent conduct in the running and operation of an automobile. A verdict was returned against three of the defendants,—Shirley Boykin, Russell Smith and Charles Adamson,—and in favor of the other defendant—Dave Horton. Boykin, Smith, and Adamson filed a joint motion for new trial, which was overruled; and the judgment overruling the motion is assigned as error. Boykin insists that the verdict against him was without any evidence to support it, in that he had no interest whatever in the automobile, had no power or control over the automobile or the running of the same, was simply riding in it as a guest of Charles Adamson, who had invited him to ride in it from Carrollton to Borden-Wheeler Springs, and that he owed no duty whatever to the plaintiff or to any one else in connection with the operation of the machine. It may be stated generally that the evidence was sufficient to support the verdict as to Adamson and Smith, Adamson being in control of the automobile (having borrowed it from the owner), and Smith being the chauffeur, who was actually operating and running the machine at the instance of Adamson, at the time of the negligence complained of. The material part of the evidence, in brief, shows that Adamson invited Boykin to go with him on a trip to Borden-Wheeler Springs, and offered to furnish the automobile and the driver, and Boykin (with some reluctance, due to the fact that he had just returned from Borden-Wheeler Springs), agreed to accompany him, if he (Boykin) should be permitted to pay the hotel expenses of the party while at Borden-Wheeler Springs.

There is no conflict in the evidence as to these facts, and from them we are clear that the verdict as to Boykin was unauthorized, as being without evidence to support it. He was simply an invited guest of Adamson. He had nothing to do with the machine; he did not pay for its use; he did not pay for the chauffeur who was

operating it; and therefore no duty was imposed by law on him in connection with the running and operation of the machine. It was not a joint enterprise of Adamson and himself, but, in so far as the operation of the machine was concerned, it was the single enterprise of Adamson, and the negligence which caused the injury was the negligence of the chauffeur, Smith, who was operating the machine for Adamson. Smith was liable for the negligence because it was his own individual act, and Adamson was liable for the negligence of Smith because he was Smith's employer, and consequently liable for the acts of negligence of his servant. Under the law, no one can be required to pay damages unless he violates some duty which the law imposes upon him with reference to the party damaged. "Where no duty exists or obligation rests, though injuries may be sustained, no liability accrues." *Neff* v. *Broom,* 70 *Ga.* 260. Where a person riding with another as the latter's guest or companion is injured by the negligence of a third person, "contributory negligence of the driver is not imputable to the injured person, unless the injured person was in a position to exercise authority or control over the driver, or failed to exercise such care as he could and should have exercised under the particular circumstances, to protect himself." Colorado & Southern Ry. Co. v. Thomas, 33 Colo. 519 (81 Pac. 803, 70 L. R. A. 681, 3 Ann. Cas. 700). Under this principle, Boykin, who was simply the guest and companion of Adamson, could not be chargeable with the negligence of the driver who was running Adamson's automobile; for, being simply a guest, he had no control or authority over the driver. In the case of Dale v. Denver City Tramway Co., 173 Fed. 789 (97 C. C. A. 511, 19 Ann. Cas. 1223), it is held that the negligence of a chauffeur driving an automobile is not imputable to a person riding in the automobile but having no control over it. See, in this connection, the case of Little v. Hackett, 116 U. S. 366 (6 Sup. Ct. 391, 29 L. ed. 652). In the case of Clarke v. Connecticut Co., 83 Conn. 219 (76 Atl. 523), it is said: "A gratuitous passenger, in no matter what vehicle, is not expected, ordinarily, to give advice or direction as to its control and management."

We deduce from these authorities, as well as from the general principle on the subject, that where one is injured by the negligent conduct of the driver of an automobile, a person who is riding

in the automobile simply as an invited guest, and who has no control or management of the machine or of the driver, and no interest in the automobile, can not be held liable for the negligent conduct of the chauffeur; that in riding in the automobile under these circumstances he is not engaged in a common or joint enterprise with the owner or the chauffeur; and the fact that the guest has agreed to pay the expenses of the party after they have arrived at their destination does not alter the legal conclusion to be drawn from the facts above stated. We therefore think that the motion for new trial, as to Boykin, should have been granted; and the judgment as to him, in overruling the motion, is  *Reversed.*