15456.  SARMAN *v.* SEABOARD AIR-LINE RAILWAY CO.

1. This was an action by a mother for the homicide of her minor daughter whose death was alleged to have been caused at a public crossing by the negligence of the defendant in the operation of its train. The verdict found for the defendant was not demanded, but a finding for either party would have been authorized.

2. Where a party to a cause on trial permits, without objection, the introduction of inadmissible testimony, the refusal of the court to sustain a subsequent objection to the admission of evidence substantially the same as that already admitted will not work a new trial. The failure to object sooner may be treated as a waiver.

3. For the reasons stated in the third division of the opinion, it is not cause for a new trial that the court submitted to the jury the questions whether the mother was dependent upon the child, and whether the child contributed to her support, as alleged in the declaration.

4. There was evidence to warrant the instructions whereby the court left to the determination of the jury the question whether the plaintiff should be barred from recovering because of the child's negligence or failure to exercise proper care after the negligence of the defendant was known or should have been anticipated.

(*a*) The plaintiff can not complain of a charge when she herself requested that a similar instruction be given to the jury, although the request was refused.

5. While there was no evidence whatsoever that the child consented to the tort, it is not reversible error that the court charged, in substance, the entire first sentence of section 2781 of the Civil Code, referring to "negligence" and "consent" on the part of the person injured, the part of the charge as to negligence being applicable. The giving of the inapplicable part as to consent was not prejudicial.

6. The plaintiff was not harmed by the refusal of her request to instruct the jury upon the law in regard to apportionment of damages. Where the jury finds for the defendant, the plaintiff ordinarily can not have been hurt by any error in the court's instructions as to the measure of damages. This general statement may be subject to exceptions, but it is applicable here. Certain other requests were sufficiently covered by the charge of the court.

7. Certain charges of the court assigned as error, examined and held not cause for a new trial.

DECIDED DECEMBER 18, 1924.

Action for damages; from Camden superior court—Judge Highsmith. February 23, 1924.

*B. A. Atkinson, Reuben R. & Lowry Arnold,* for plaintiff.

*Conyers & Wilcox,* for defendant.

BELL, J. Mrs. Elizabeth Sarman brought suit against Seaboard Air-Line Railway Company, a corporation, under the Civil Code, § 4424, for the homicide of her thirteen-year-old daughter Margaret. The homicide occurred at a public crossing at White Oak, a village

in Camden county, when the defendant's train collided with an automobile driven by a Mr. Prickett, in which the decedent was riding. The specifications of negligence were that the defendant failed to observe the requirements of the "blow-post law," that the train was being run at an excessive speed, and that the defendant's engineer and fireman failed to exercise ordinary care to check the speed or to give any signals of its approach even after the presence of the automobile, stalled on the track, was or should have been discovered. The defendant filed a plea denying all of the allegations of negligence, and further alleging that when the locomotive reached a point about 100 feet from the crossing the automobile suddenly appeared upon the track and stopped thereon directly in front of the train; and that upon discovering the same the engineer immediately "did everything within his power to bring said train to an immediate stop," but that the distance was then so short that it was impossible for him to stop the train before it collided with the automobile; and that "everything was done that could be done by defendant's employees to avoid" the collision. The trial resulted in a verdict in favor of the defendant, the plaintiff's motion for a new trial was overruled, and she excepted.

The engineer testified that he approached the crossing at a speed of 45 to 50 miles per hour. Some witnesses estimated the speed to be higher and some lower. The evidence was in conflict as to whether the defendant's servants in the operation of the train complied with the "blow-post law." The railroad track at White Oak runs north and south. There are stores and residences on each side. The depot is on the west side. The public crossing was about 100 feet south of the depot. The train was approaching from the north. The automobile came from the south upon a road paralleling the track on the west side for a distance of about 300 yards, and turned to the right into the crossing. From the position of the automobile as it was traveling north before attempting to make the crossing, the occupants of the car had a view of the track north of the depot for some distance, but the depot and trees obstructed the view to some extent north of the crossing. The decedent and other children were on the rear seat. Their vision, it seems, would have been obstructed to some further extent by the two adults, Mr. Prickett and his wife, who occupied the front seat. The automobile was going at a very low speed, estimated by some

witnesses at four or five miles per hour. As it turned to make the crossing, still more of the track to the north was obscured from the occupants, by the depot. It is inferable that none of them ever knew of the approach of the train until the automobile was within a few feet of the track, perhaps not until it was actually upon the track. Mrs. Prickett, the wife of the driver, testified that she looked for the train before they turned in to the crossing, but did not see it. Whether the decedent or the driver looked is unknown. The train was at this time but a short distance away, some of the witnesses saying from 90 to 100 feet, others more. Whether from excitement or other cause, the driver lost control of the automobile and it stopped upon the track. There was evidence that certain persons about the village saw the impending danger and voiced warnings in time for the automobile to be stopped short of the track, but it does not appear whether these warnings were heard by any of the occupants of the automobile. The engineer on discovering the automobile as it was about to go upon the track instantly applied the brakes, but it was then too late to avert the collision.

The decedent was nearly 14 years of age, and the evidence tends to show that she was an unusually bright girl. She had finished the eighth grade in school and had had considerable experience in housekeeping, selling goods, and bookkeeping. Her parents lived about 150 yards from the depot and their store was nearby. The train was a regular train and was running practically on schedule. The circumstances would justify the conclusion that the decedent was acquainted with the schedule.

The collision resulted in the instant death of the decedent and three others of the six who were in the automobile, only one other besides Mrs. Prickett surviving. Mr. Prickett appears not to have been thoroughly experienced in the driving of automobiles, but this was not known to the plaintiff. He was to her knowledge a little deaf in one ear. He had invited Mrs. Sarman to go to ride with them, but she could not go. He then invited the little girl to go, and the mother permitted her to accept the invitation. The father was not at home. There was sufficient evidence to support the allegations of dependency and contribution.

The above is a fair resume of the evidence. The motion for a

new trial contains the usual general grounds and a number of special grounds.

1. If Mrs. Sarman had made Prickett the custodian of her child, any negligence on his part would have been imputable to her, she and not the father having permitted the child to go with him, and she being the plaintiff. *Atlanta &c. Ry. Co.* v. *Gravitt,* 93 *Ga.* 369 (3) (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. Rep. 145). But such was not the case; she did not submit the child to his custody but merely allowed it to accept his invitation. Compare *Crook* v. *Foster,* 142 *Ga.* 715 (3) (83 S. E. 670). His negligence was imputable neither to the child nor to the plaintiff mother merely because the child was riding as a guest in his automobile. *Southern Railway Co.* v. *King,* 128 *Ga.* 383 (1) (57 S. E. 687, 11 L. R. A. (N. S.) 829, 119 Am. St. Rep. 300) ; *Mayor &c. of Savannah* v. *Waters,* 27 *Ga. App.* 813 (1) (109 S. E. 918), and citations. Still the child, not being so young as to be as a matter of law incapable of negligence (*Williams* v. *Jones,* 26 *Ga. App.* 558 (2), 106 S. E. 616), was under a duty not to be negligent herself, but to exercise proper care for her own safety, although riding in the automobile as the guest of another. *Powell* v. *Berry,* 145 *Ga.* 696 (2), 700 (89 S. E. 753, L. R. A. 1917A, 306) ; *Adamson* v. *McEwen,* 12 *Ga. App.* 508 (77 S. E. 591). If she failed to do so and such failure was the proximate cause of her death, the mother was not entitled to recover. *Linder* v. *Brown,* 137 *Ga.* 352 (4) (73 S. E. 734) ; *Elk Cotton Mills* v. *Grant,* 140 *Ga.* 727 (4) (79 S. E. 836, 48 L. R. A. (N. S.) 656) ; Civil Code (1910), § 3474. Whether she exercised the proper care was a question for the jury. It was for them to say whether she should have been on the lookout for the train or warned the driver, or what, if anything, she should have done in the exercise of proper care under the circumstances. Illinois Central R. Co. v. McLeod, 78 Miss. 334 (29 So. 76, 84 Am. St. Rep. 630, 52 L. R. A. 954) ; Dean v. Pennsylvania R. Co., 129 Pa. 514 (2), (18 A. 718, 15 Am. St. Rep. 733, 6 L. R. A. 143) ; Cotton v. Willmar &c. Ry. Co., 99 Minn. 366 (3) (109 N. W. 835, 8 L. R. A. (N. S.) 643, and note on p. 671) ; Colorado & Southern Ry. Co. v. Thomas, 33 Colo. 517 (3) (81 Pac. 801, 70 L. R. A. 681, 3 Ann. Cas. 700) ; Rebillard v. Minneapolis &c. Ry. Co., 216 Fed. 503 (2) (133 C. C. A. 9; L. R. A. 1915B, 953). Even if the jury had concluded that she was negligent, it was yet within their province

to determine whether such negligence, or that of the railroad company, which some of the evidence tended to establish, was the proximate cause of her death. It is true that although negligence on the part of Prickett was not imputable to her, yet even that, if the sole proximate cause of her death, would bar the mother's recovery.

But, again, the jury were the arbiters of the question of proximate cause. It was even for them to determine to what extent Prickett was negligent. In this State it is not negligence per se for one not aware of the approach of a train to attempt to cross the track at a public crossing without stopping, looking, and listening. *Bryson* v. *Southern Ry. Co.*, 3 *Ga. App.* 407 (3) (59 S. E. 1124) ; *Tennessee &c. R. Co.* v. *Neely*, 27 *Ga. App.* 491 (2) (108 S. E. 629) ; *Macon Railway & Light Co.* v. *Barnes*, 121 *Ga.* 443 (2) (49 S. E. 282). Except where a particular act is declared to be negligence either by statute or a valid municipal ordinance, what acts would constitute negligence and what would not are questions ordinarily to be left to the determination of the jury, in view of all the evidence bearing upon the subject of time, place, and circumstances. *Davis* v. *Whitcomb*, 30 *Ga. App.* 497 (2) (118 S. E. 488).

In no view of the case was a verdict demanded for the defendant, but a verdict for the plaintiff would have been authorized. *Louisville & Nashville R. Co.* v. *Stafford*, 146 *Ga.* 206 (91 S. E. 29) ; *Harris* v. *Southern Ry. Co.*, 129 *Ga.* 388 (2) (58 S. E. 873) ; *Seaboard Air-Line Ry.* v. *Hood*, 127 *Ga.* 206 (56 S. E. 303) ; *Howard* v. *Savannah Electric Co.*, 140 *Ga.* 482 (79 S. E. 112) ; *Georgia R. Co.* v. *Wallis*, 29 *Ga. App.* 706 (1) (116 S. E. 883) ; *Southern Ry. Co.* v. *Pair*, 32 *Ga. App.* 378 (1) (123 S. E. 142). It thus becomes necessary to examine certain assignments of error upon extracts from the charge of the court and upon omissions to charge, which we will do beginning with the third division of this opinion.

2. In response to a question propounded by the defendant's counsel to the engineer, "When you observed this automobile coming upon the track, was there anything left that you could do that you did not do to prevent this accident?" the witness answered, "Absolutely nothing." Error is assigned upon the admission of this testimony over the objection of the plaintiff's counsel that it was a conclusion and was argumentative.

The engineer had already testified that he first saw the automobile when it was 10 or 15 feet from the track, and at a distance

of 90 to 100 feet ahead of the engine, and that the bell was ringing at the time; that he at once applied the emergency brake, and "that is the only thing that can be done on a locomotive to bring it to a sudden stop;" that he did not have time then to blow any signals, because he had to put on the emergency brake.

Irrespective of whether the testimony objected to ought to have been excluded (see Civil Code (1910), §§ 5874, 5876; *Tennessee Coal Co.* v. *Georgia,* 11 *Ga.* App. 221 (2), 75 S. E. 567; *Macon &c. R. Co.* v. *Stewart,* 125 *Ga.* 88, 54 S. E. 197), the testimony already given by him, without objection, to the effect that the only way suddenly to stop the train was to apply the brake, and that he had no time to give signals, was, under the circumstances, considering that the bell was already ringing, the practical equivalent of the testimony objected to. Where a party to a cause on trial permits, without objection, the introduction of inadmissible testimony, the refusal of the court to sustain an objection subsequently urged to the admission of substantially the same evidence as that already admitted will not work a new trial. The failure to object sooner may be treated as a waiver. *Cooley* v. *Bergstrom,* 3 *Ga. App.* 496 (2) (60 S. E. 220).

3. Error is assigned upon an extract from the charge of the court by which were submitted to the jury the questions whether the mother was dependent upon the child and whether it contributed to her support within the meaning of the law, the complaint being that these essentials to a recovery were established without dispute, so that there was no issue in respect of these matters for the jury to determine.

The plaintiff testified that she and her husband and their five children lived together, and that she was dependent upon the labors of the whole family for a living. The children all did something. Her husband's earnings were required to be supplemented by the labors of herself and the labors of the children in order to support the family. Her daughter Margaret, for whose death she sues, assisted materially in housekeeping, sewing, cooking, and also kept books and sold goods in the commissary operated by the plaintiff and her husband, the child's services being of the value of $7 or $8 per week. The oldest child was 15 years of age, but was crippled and not able to do so much as Margaret. The husband worked for a salary of $2400 per year, but after paying certain expenses with

which he was chargeable had a net annual salary of about $900. Although the defendant offered no evidence in denial of the plaintiff's testimony, we are nevertheless of the opinion that for three reasons the court did not err in the instructions complained of: (1) it is never error to refuse to direct a verdict; (2) whether the decedent contributed to her mother's support and whether the mother was dependent thereon within the meaning of the law were necessarily questions involving a weighing and comparison of values, and these are peculiarly within the province of the jury (*Louisville & Nashville R. Co.* v. *Lovelace,* 26 *Ga. App.* 286 (6) 106 S. E. 6) ; *Anderson* v. *Anderson,* 27 *Ga. App.* 513 (4) (108 S. E. 907) ; (3) the plaintiff made a written request for a charge which would have submitted this very matter to the jury. A party can not complain that the court gave a certain charge to the jury when he himself requested that a similar instruction be given, although the request may have been refused. *Conant* v. *Jones,* 120 *Ga.* 568 (9) (48 S. E. 234) ; *Columbus Mfg. Co.* v. *Gray,* 9 *Ga. App.* 738 (1) (72 S. E. 273) ; *Flemister* v. *Central Ga. Power Co.,* 140 *Ga.* 511 (11) (79 S. E. 148).

4. The court, in submitting to the jury the question as to whether the child was in the exercise of *proper* care, instructed them upon the law as to ordinary care, which he defined in terms of the Civil Code, § 3471, as that care which every prudent person uses for his own safety under the same or like circumstances. Certain charges along this line are assigned as error: First, because there was no evidence tending to show that the child was negligent or lacking in ordinary care, and, second, because the law of ordinary care was inapplicable, but instead the court should have charged as to due care in a child as defined in the Civil Code, § 3474. There is also an assignment upon the omission to charge this section.

From what we have stated in the first division of this opinion, and in view of the fact that the child appeared to be well developed both mentally and physically, we can not say that the court was not warranted in submitting the question as to whether the decedent was in the exercise of proper care. Ordinarily, the mother in suing for the child's homicide would be entitled to have its conduct measured by the rule laid down in the Civil Code, § 3474. No reason appears why the plaintiff was not so entitled in this case (*Savannah Electric Co.* v. *Thomas,* 30 *Ga. App.* 405 (13), 118 S.

E. 481), except that her request to charge upon the law of apportionment of damages conceded, by the language used, that the rule of ordinary care was the one to be applied to the child's conduct. This request was refused, but under the authorities cited in the preceding division of this opinion, we could not in these circumstances reverse the trial court for submitting that rule in charge instead of the rule laid down in § 3474. It follows also that there is no merit in the assignment upon the omission to charge this section. We will discuss in a later division of this opinion the question .as to whether the court committed error in refusing the request to charge upon apportionment of damages.

5. What we have just said as to the sufficiency of the evidence to warrant the court in submitting to the jury the question as to whether the child was in the exercise of proper care will dispose in part of a further assignment upon the charge of the court given substantially in the language of the Civil Code, § 2781, wherein it is provided that no person shall recover damage from a railroad company for an injury done by his consent or caused by his own negligence. The evidence being sufficient to warrant the charge upon "negligence," the inapplicable reference to the child's "consent" in the same connection does not require a new trial. "It was not cause for a new trial that the judge read in charge to the jury a code section part of which was applicable to the case under consideration and part not, it not appearing that the reading of the inapplicable part was calculated to mislead the jury, erroneously affected their verdict, or was prejudicial to the rights of the complaining party." *Eagle & Phenix Mills* v. *Herron,* 119 *Ga.* 389 (3) (46 S. E. 405). See also *Dixie Mfg. Co.* v. *Ricks,* 30 *Ga. App.* 433 (3), and citations on p. 438 (118 S. E. 452).

The charge was not argumentative, although it was prefaced by a statement that it was applicable in a case of this kind. Whether this could have been understood by the jury as an instruction that the rule was in fact applicable in the particular case, when it was their province to say whether it was applicable or not according to their view of the evidence, this question, that is, whether the court expressed an opinion on the facts, is not reached by the assignment that the charge was argumentative.

6. The plaintiff excepted to the refusal of a timely written request to instruct the jury upon the law of apportionment of

damages.  It has been repeatedly held that in a suit for a negligent tort, where the question of diminution of damages by reason of negligence on the part of the person injured is not raised by the pleadings of either party, it does not constitute reversible error for the judge, in the absence of a request, to omit to charge upon that subject, where he has charged fully upon the effect of the negligence of the injured person on the right to recover at all.  *Powell* v. *Berry,* 145 *Ga.* 696 (5) (89 S. E. 753, L. R. A. 1917A, 306); *Western & Atlantic R. Co.* v. *Watkins,* 14 *Ga. App.* 388 (7) (80 S. E. 916); *Central of Georgia Ry. Co.* v. *Hill,* 21 *Ga. App.* 231 (2) (94 S. E. 50); *Western & Atlantic R. Co.* v. *Jarrett,* 22 *Ga. App.* 313 (3) (96 S. E. 17); *Georgia Ry. & Power Co.* v. *Freeney,* 22 *Ga. App.* 457 (2), 459 (96 S. E. 575); *Savannah Electric Co.* v. *Crawford,* 130 *Ga.* 421 (1) (60 S. E. 1056); *Louisville & Nashville R. Co.* v. *Smith,* 136 *Ga.* 455 (2) (71 S. E. 774); *Alabama &c. Ry. Co.* v. *Brown,* 138 *Ga.* 328 (7) (75 S. E. 330); *Western & Atlantic R. Co.* v. *Smith,* 145 *Ga.* 276 (5) (88 S. E. 983).  It has also been held that in a proper case it was error for the court to refuse a *request* to charge upon that subject duly made *by the defendant*. *Georgia &c. Ry. Co.* v. *Overstreet,* 17 *Ga. App.* 629 (4) (87 S. E. 909).  In the language of some of the decisions, there are intimations that such a charge should be given on request of the *plaintiff,* where the plaintiff was the losing and excepting party, and the evidence might have been taken by the jury as showing that the plaintiff was to some extent negligent but could not have avoided the injury by the use of ordinary care.  *Hill* v. *Callahan,* 82 *Ga.* 109 (2) (8 S. E. 730); *Ingram* v. *Hilton & Dodge Co.,* 108 *Ga.* 194 (6) (33 S. E. 961); *Glaze* v. *Josephine Mills,* 119 *Ga.* 261 (46 S. E. 99); *Southern Cotton Oil Co.* v. *Skipper,* 125 *Ga.* 369 (12) (54 S. E. 110); *Holland* v. *Durham Coal Co.,* 131 *Ga.* 715 (2), 722 (63 S. E. 290).  No case has been called to our attention, however, and we have been unable to find any, in which the trial court was reversed for the refusal of such a request made by the plaintiff.  Although it would not have been improper to give the request (*Hilton & Dodge Lumber Co.* v. *Ingram,* 135 *Ga.* 696 (4), 70 S. E. 234), we are unable to see that the plaintiff was harmed by its refusal, she having asked for full damages, and the court having instructed the jury that she was entitled to recover provided the defendant was negligent, unless she was barred by the

failure of the child to exercise proper care, or unless the negligence of Prickett, the driver of the automobile, was the proximate cause of the child's death.

If the jury found for the defendant on the theory that the plaintiff did not sustain the allegations of dependency and contribution, it matters not what the court may have charged upon the subject of damages. So also if the verdict was predicated upon a finding that either the negligence of the child or that of Prickett was the proximate cause of the homicide. The failure to charge upon apportionment of damages would seem to be favorable to the plaintiff, because in the absence of such charge the plaintiff, if entitled to recover at all, might receive a verdict for the full value of the decedent's life without deductions. How could it have harmed the plaintiff that the court did not instruct the jury upon a matter purely defensive?

It is the general rule that where the jury have found for the defendant the plaintiff can not have been hurt by any error in the court's instructions as to the measure of damages. While this general rule may be subject to exceptions, it is not apparent that there probably would have been a finding in favor of the plaintiff even if the trial judge had given the charge requested. Compare *Carstarphen* v. *Central of Georgia Ry. Co.,* 8 *Ga. App.* 162 (2) (68 S. E. 848) ; *Conant* v. *Jones,* 120 *Ga.* 568 (12) (48 S. E. 234) ; *Binder* v. *Georgia Ry. & Electric Co.,* 13 *Ga. App.* 381 (2) (79 S. E. 216).

Nor did the court err in refusing a request to give in charge the "blow-post law," the same having been covered in the general charge substantially in terms of the act, and practically in the language of the request.

7. Certain other excerpts from the charge of the court, assigned as error, will now be considered together:

(*a*) After giving the contentions of the plaintiff the court proceeded to state the defendant's contentions as follows: "The defendant, as of course you gentlemen understand, denies these contentions made by the plaintiff, denies that the railroad or the employees of the railroad were negligent in respect to the matter under investigation, and claims that the railroad not only exercised all of the care required of it by the law, but that through its employees it exercised all of the care within its power; claims that it

has been made to appear that it exercised even a greater degree of diligence than the law requires, and that the plaintiff is not entitled to recover under the allegations of her petition, and under the evidence, and that the verdict of the jury should be in favor of the defendant." One of the assignments is that the language, "but that through its employees it exercised all of the care within its power; claims that it has been made to appear that it exercised even a greater degree of diligence than the law requires," was argumentative, "tended to magnify the defense, and tended to unduly impress the jury with the strength of the defense." It is alleged further that the defendant filed no plea setting up such contention. Whether the plea should be so construed or not, the defendant could have made the contention through its counsel in the argument. *Autrey* v. *State,* 24 *Ga. App.* 414 (2) (100 S. E. 782). The assignment does not deny that this was done. The charge is understood as referring to the defendant's contentions at the trial. *Chattahoochee Brick Co.* v. *Sullivan,* 86 *Ga.* 50 (2) (12 S. E. 216). "Where the trial judge, in his charge, informs the jury that the contentions of the parties made during the trial are so and so, it will, in the absence of a certificate by him to the contrary, be presumed that his statement of such contentions was correct." *Wrightsville & Tennille R. Co.* v. *Gornto,* 129 *Ga.* 204 (2) (58 S. E. 769).

(*b*) After the court had concluded instructions upon the subject of contribution and dependency, the charge upon the subject of negligence and diligence of the parties was begun, as follows: "Now, if you find, so far as this phase of the case is concerned [referring to the questions of dependency and contribution], that the plaintiff, Mrs. Sarman, is entitled to recover, then you would proceed to determine whether or not the defendant is liable, and whether or not, under the evidence, the plaintiff is entitled to recover, and in that connection I charge you as one of the very first propositions in a case of this kind, and that the law to be, that one who could avoid the consequences of another's negligence, if any, after such negligence became known or anticipated,—where by the exercise of ordinary care the consequences of such negligence could have been avoided, plaintiff is not entitled to recover." One of the assignments is that this was "an argumentative way of charging the law of the case, to submit as the very first proposition to

the jury that the plaintiff's want of ordinary care would have defeated a recovery."

(*c*) The court further charged the jury as follows: "In other words, a question that would present itself to your minds as laymen, who do not understand the law but are desirous of knowing just what the rules of law applicable to a case of this sort may be, a question that will present itself to your minds is whether or not, if this child was killed by the operation of the trains of the defendant, whether or not the defendant, under any and all circumstances, would be liable for such killing or for such death. That I charge you is not the rule of law in this case or State, is not the rule of law applicable in this case." This is also assigned as error as being argumentative and a misstatement of the plaintiff's contentions.

While the second of the three excerpts above would have required an illogical consideration of the evidence, because the first thing to be considered was whether there was negligence on the part of the defendant, and while all of them were inapt, we can not hold that they probably resulted in prejudice to the plaintiff.

Error is also assigned upon the following charge: "The court would be glad if the court's duties were over with, but it will be necessary for the court to give you further instructions. I am possibly tiring your patience somewhat, and yet this matter necessitates some little time being given to the rules applicable to it." It is alleged, and the record shows, that this charge immediately followed the instructions upon the rules of law touching liability and nonliability, and immediately preceded the charge on the measure of damages. It is assigned that this charge was argumentative and prejudicial in that it tended to impress the jury that the plaintiff ought not to recover, that instructions on the measure of damage were useless, and that the judge was merely giving them because he had to, under the law. We can not agree that the charge is reasonably susceptible to the construction the plaintiff in error places upon it.

Lastly, error is assigned upon an instruction that the defendant was not under a duty *to stop* the train unless the circumstances were such as to indicate to an ordinarily prudent person that the vehicle (which here would be the automobile) is in, or is about to get into, a place of danger.. While this charge does not appear to have been pertinent to any contention made by either party upon

the trial, it is not subject to the exception made, that it was an expression of opinion upon the facts and invaded the province of the jury as to what or what would not be negligence under the circumstances, since it submitted the standard of an ordinarily prudent person.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

BELL, J., dissenting. I dissent from the rulings made in the seventh headnote and in the corresponding division of the opinion, in so far as they relate to the charges designated as *a, b,* and *c.* What is said above in that connection I have stated merely as the views of the majority, and not as representing my own opinion. I think these three charges were error and prejudicial, and that because of the same the judgment refusing a new trial should be reversed.