### 39417. HOOD v. EVANS et al.

FRANKUM, Judge. The plaintiff sued eight named defendants for damages because of the alleged wrongful death of her husband. Two defendants did not file answers, and the case was in default as to them. The plaintiff gave a "covenant not to sue" to one of the defendants and dismissed her suit as to him. Upon the trial of the case and after the close of the plaintiff's evidence, the court granted a nonsuit as to all the defendants except the two who had not filed answers. A mistrial was granted as to these two defendants. The plaintiff brought a direct bill of exceptions assigning as error the granting of the nonsuit. *Held:*

"Regardless of whether a petition sets out a cause of action, if the plaintiff proves every fact charged, without at the same time disproving his right to recover by establishing the existence of other undisputed facts which show that he is not entitled to a verdict, it is not proper to award a nonsuit." *Clark v. Bandy*, 196 Ga. 546 (27 SE2d 17). The applicable rules governing the granting of a nonsuit were succinctly stated in *Kelly v. Strouse*, 116 Ga. 872 (43 SE 280). See also *Field v. Martin*, 49 Ga. 268. In proving the "case as laid" the facts of the petition may be shown by direct proof or by proof of facts and circumstances from which the jury might conclude, as a reasonable inference, the facts alleged in the petition, but of which there is no direct proof. *McDougal v. Johnson*, 104 Ga. App. 233 (121 SE2d 417).

The plaintiff's petition is predicated upon the theory that all defendants except two, M. E. Latimer and Daniel R. McGee, were joint participants in an activity which proximately

caused the death of her husband, in that, they jointly planned and carried out a "drag race" on a public highway, which resulted in a wreck and in the wrongful death of the plaintiff's husband. The two named defendants, M. E. Latimer and Daniel R. McGee, were alleged to be liable by reason of ownership of two of the automobiles used in the race, which were furnished to their respective sons (also defendants) as family purpose cars. All further reference to the defendants concerning the events which transpired, out of which the alleged cause of action arose, shall not include these two defendants, as they were not present and did not participate in the events just prior to and leading to the collision. The evidence is sufficient to show that these two defendants furnished automobiles to their respective sons as family purpose automobiles.

The evidence would have authorized the jury to conclude that pursuant to a preconceived plan the defendants lined up two cars side by side on Roswell Road, a two-lane highway in Cobb County; that a third car driven by one of the defendants was placed directly behind one of these cars; that upon a signal by one of the defendants (a passenger in one of the two lead cars), the three cars sped away; that the two lead cars were driven at speeds of approximately 100 to 110 miles per hour; that the third car fell behind, and the distance between it and the two lead cars widened; that during the race one of the racing vehicles, while on the left side of the road, collided head-on into an approaching automobile driven by the plaintiff's husband; and that in this collision the plaintiff's husband suffered injuries from which he died. The evidence was conflicting as to whether the occupants of the third car were participants in the race or mere spectators, but as this is a ruling on a nonsuit and on such ruling the evidence must be construed toward proving the allegations of the petition (*Henry v. Roberts,* 140 Ga. 477, 79 SE 115; *McDougal v. Johnson,* 104 Ga. App. 233, supra), the evidence was sufficient to make a jury issue that these defendants were participants together with the other defendants (except M. E. Latimer and Daniel R. McGee) in a corrupt and unlawful agreement, to carry on an automobile race on a public highway, and that in so doing, traffic laws of the State would be violated, and when the race was run, traffic laws were vio-

lated, which resulted in a wreck and proximately caused the death of the plaintiff's husband. See *Landers v. French's Ice Cream Co.*, 98 Ga. App. 317 (106 SE2d 325).

The above facts were alleged in the plaintiff's petition. We are of the opinion that the plaintiff introduced sufficient evidence to prove the facts as alleged in her petition. Accordingly, it was error to grant the nonsuit.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED JUNE 19, 1962—REHEARING DENIED JULY 17, 1962.

R. M. Reed, Reed, Ingram & Flournoy, for plaintiff in error. *Jean E. Johnson, Burt DeRieux, James Weekes, W. P. Holley,* contra.

Archie N. Grizzle, Arthur M. Rider, *pro se.*

ON MOTION FOR REHEARING.

One of the defendants, Larry White, has filed a motion for rehearing in which he contends that the cases of *Holland v. Boyett,* 212 Ga. 458 (93 SE2d 662); *Neve v. Graves,* 26 Ga. App. 378 (106 SE 305); and *Adamson v. McEwen,* 12 Ga. App. 508 (77 SE 591), require a result different from the one reached by this court. Movant contends that a passenger in an automobile must have an equal right to direct and control the conduct of the driver before the negligence of the driver can be imputed to the passenger. However, such right may be shown by proof of an express agreement or by proof of facts from which such right may be implied. See *Holland v. Boyett,* 212 Ga. 458, supra. Even if such right of a passenger to direct and control the vehicle must be shown in order to hold him liable as a member of a joint enterprise, the pleadings and evidence, as to the defendant Larry White, meet this criterion. This defendant was a passenger in one of the leading vehicles involved in the race. Archie Grizzle, one of the drivers, testified: "Larry White gave the signal to start [the race] by holding his arm out the window and counted three and dropped his arm and we both started off." We are of the opinion that from the evidence the jury would have been authorized to conclude that this defendant was an actual participant in the race.

However, there is an additional reason supporting the ruling

of this court. An unlawful "joint enterprise" or unlawful "joint venture" was not involved in any of the cases relied upon by movant. Here, there was an agreement between this defendant and others to carry on an automobile race which, foreseeably, would involve violating the speed laws of this State, and the evidence conclusively shows that the speed laws were violated, and the jury would have been authorized to find that as a proximate result thereof the plaintiff's husband was killed.

"The general rule is that two or more persons engaged in a common enterprise are jointly liable for wrongful acts done in connection with the enterprise, at least where the enterprise is an unlawful one, in which case all are answerable for any injury done by any one of them, although the damage done was greater than was foreseen, or the particular act done was not contemplated or intended by them. In this respect, it has been held that where two persons are jointly engaged in an unlawful enterprise, and each performs a wrongful act in pursuit of such purpose, one of which acts causes an injury, the parties may be held jointly and severally liable, although it is not known which of the acts caused the injury. On the other hand, there is authority for the rule that where two or more are acting lawfully together in the furtherance of a common lawful purpose, one is not liable for the unlawful act of another, done in furtherance of the common purpose without his concurrence." 52 Am. Jur. 454, Torts, § 116. See also 50 ALR 361; 5 ALR2d 98.

*Accordingly, the motion is denied.*