J. L. LARAMORE, et al., plaintiffs in error, vs. J. M. CHASTIAN defendant in error.

[1.] This Court will not interfere with the order of business, unless it appears that the presiding Judge exercised his discretion in that respect illegally.

[2.] If a party acknowledge service, at the appearance Term of the Court, of the process and complaint, he shall not be allowed to dismiss the cause for want of service, at the trial Term.

Complaint from Lee. Tried before Judge ALLEN, September adjourned Term, 1858.

When this case was called, counsel for defendant objected to taking it up because it was not in its order, but called at the instance of the Attorney for plaintiff. The Court overruled the objection and defendants counsel excepted.

It appeared that acknowledgment of service was made by Laramore, one of the defendants at appearance Term. That the Sheriff had not served him in consequence of an agreement that he would always acknowledge service, on any case against him, and he did sign this acknowledgment in pursuance of that agreement.

Defendant's counsel moved to dismiss the writ for want of proper and legal service.

The Court overruled the motion and defendants excepted. Upon these exceptions error is assigned.

FRED. H. WEST, for plaintiffs in error.

WARREN & HUMPHRIES, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] It does not appear in this record in what respect the cause was called out of its order, and without evidence before us that the Court exercised his discretion in ordering the business of the Court illegally to the prejudice of the party complaining, we will not interfere with him.

[2.] At the request of the defendant who is plaintiff in error, the Sheriff did not serve him with the process and copy complaint, on the promise that he would acknowledge service. He did acknowledge service at the appearance Term.

At the trial Term he moved to dismiss the cause for want of due and legal service. The Court refused the motion and we affirm his judgment.

Judgment affirmed.