## 10716.   SCHOFIELD v. HATFIELD.

When two persons are engaged in a violation of the same criminal statute in the same manner and at the same time, but the act of each is separate and distinct from the act of the other, and one of them is injured as a proximate result of such criminal act on the part of the other, he may nevertheless recover therefor, if his own criminal conduct has not proximately contributed to his injury. Under the evidence in this case, whether or not the injured party was injured as a proximate result of his own negligence, or solely as a proximate result of the negligence of the other, was a question of fact for the jury. The verdict which was found for the defendant not being demanded as a matter of law under the evidence, the first grant of a new trial to the plaintiff will not be disturbed.

DECIDED JULY 19, 1920.

Action for damages; from city court of Macon—Judge Guerry. May 16, 1919.

Mrs. I. I. Hatfield brought suit against J. S. Schofield, for the homicide of her son, alleged to have been caused by a collision of the defendant's automobile with an automobile which her son was driving along a public highway. Among various grounds of negligence, as the cause of the injury, she alleged the negligence of the defendant in running his automobile along a public highway at a dangerous and unlawful rate of speed in excess of 60 miles per hour. in violation of a penal statute of the State regulating the speed of automobiles along public highways. There was evidence in support of these various allegations of negligence. It particularly appeared that both automobiles were traveling in the same direction along the highway, at a rate of speed in excess of 60 miles per hour, that the automobile in which the plaintiff's son was driving was overtaken by the defendant's automobile, and, while both were turning a curve in the road, the defendant's automobile ran into the automobile driven by the son and wrecked it, thereby causing his death. The verdict was for the defendant. The plaintiff's motion for a new trial was granted, and the defendant excepted, contending that the verdict, under the undisputed evidence, was demanded as a matter of law.

P. F. Brock, Miller & Jones, for plaintiff in error.

R. C. Jordan, R. L. Berner, contra.

STEPHENS, J. (After stating the foregoing facts.) The plaintiff's right to recover must necessarily depend upon the defendant's negligence as the proximate cause of the injury. She, of course,

33

cannot recover upon her own negligence or that of the person injured. Any negligent act of the defendant in which the person injured participated and which was the joint act of both parties must necessarily be the negligence of the person injured as well as the defendant, and, if the proximate cause of the injury, would necessarily bar a recovery. If, however, the negligence of the parties consists, not in the joint performance of an act, but in the performance of separate and distinct acts, although of the same character and contemporaneous and in violation of the same statute, the act of one not being the act of the other, the person injured is not debarred from a recovery, unless his own negligence was the cause of the injury. It is immaterial whether the negligence of the respective parties is established as a matter of law or as a matter of fact. The theory upon which an injured party is debarred of a right to recover when injured while engaged in the performance of an illegal or criminal act rests, not upon the ground that he is performing an illegal or criminal act, either alone or jointly with the defendant, but upon the ground that his conduct is negligent and is the proximate cause of his injury. Even though negligence might be shown as a matter of law, the question of proximate cause may still be one for the jury. See, in this connection, *Hughes* v. *Atlanta Steel Co.,* 136 *Ga.* 511 (71 S. E. 728, 36 L. R. A. (N. S.) 547, Ann. Cas. 1912 C); *Moore* v. *Central of Georgia Ry. Co.,* 149 *Ga.* 581 (101 S. E. 668); Beach, Contrib. Neg. 74, 76; 1 Cooley, Torts, 271 et seq.

In the case under consideration each party, in operating his automobile in violation of a criminal statute, was clearly negligent as a matter of law. Whether or not the evidence demanded the inference that such negligence upon the part of either party in any manner contributed to or caused the injury must necessarily depend upon whether or not a causal relation between the negligence and the injury was conclusively shown or was made an issue by the evidence. While each party was violating a criminal statute, they were not acting jointly, but the act of each was a separate and distinct criminal act. Although they were acting contemporaneously and violating the same statute, this does not render their actions joint. The injury to the deceased, therefore, may have been caused either by his own negligence or by that of the defendant. If he was injured by the defendant's negligence and not by

his own negligence, the plaintiff may recover. It cannot be said as a matter of law that the negligence of the deceased in operating his automobile at a rate of speed prohibited by law contributed to or caused the injury. Nor does the evidence demand the inference that any negligence on the part of the deceased caused the injury. The deceased may have been injured solely by the negligence of the defendant. The proximate cause of the injury may have been negligence on the part of the defendant other than the operation of his automobile at a rate of speed prohibited by law, or it may have been the other acts of negligence charged against the defendant and supported by the evidence. All these were questions of fact for the jury. The verdict as rendered for the defendant was therefore not as a matter of law demanded.

Even though both parties were not acting jointly in violation of a criminal statute, it is suggested that they were nevertheless committing a joint act of negligence in racing at a dangerous rate of speed along a public highway. Whether or not they were thus negligent, and whether or not such negligence was the proximate cause of the injury, were questions for the jury.

Since the verdict for the defendant was not demanded, the first grant of a new trial setting it aside will not be disturbed.

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*