*Peacock & Gardner, Benton Odom,* for defendant.

---

## 11758.   JONES *v.* TANNER.

Although both the driver of the plaintiff's car and the defendant may have been guilty of negligence per se in violating the statute limiting the speed of automobiles, at the time of the collision in which the plaintiff's car was damaged, it was a question for the jury whether the negligence on the part of the former was the proximate cause of the injury, or was as great as that of the defendant, or whether by the exercise of ordinary care by the driver of the plaintiff's car the consequences of the defendant's negligence could have been avoided after it became apparent.

A cause of action was stated in the plaintiff's petition, and the court did not err in overruling either the general or the special grounds of the demurrer.

This court can not hold that there was no evidence to support the verdict.

DECIDED JANUARY 20, 1921.

Action for damages; from city court of Sandersville — Judge Jordan.   July 28, 1920.

The demurrer was on the grounds, that no cause of action was stated in the petition; that no specific acts of negligence, but mere conclusions of the pleader, were stated in paragraphs 3 and 7; that the allegations in paragraph 4 as to damage and repairs were too general, and that paragraph 6 failed to allege how the defendant was reckless or careless in running his car or in what respects the plaintiff's car was damaged.  Paragraph 3 of the petition follows an allegation of indebtedness in the sum of $250, and alleges that " said indebtedness arises by reason of said defendant having recklessly run his Dodge Roadster in such negligent and careless manner as to collide with plaintiff's Ford five-passenger

car on " a described public crossing. Paragraph 4 alleges: "As a result of said collision, plaintiff's car was badly damaged, which necessitated repairs at the garage, of an expenditure of $250. " The particulars of the damage, and an itemized statement of the repairs and of the expense of making them, are given in paragraphs added by amendment. The collision of the defendant's car and the plaintiff's car at a public crossing is described in paragraph 5, which alleges that at the time of the collision the plaintiff's car was moving at a speed of not more than 10 or 12 miles, while the defendant's car was traveling " at a recklessly high rate of speed of not less than 40 miles an hour," and that the defendant continued across the public crossing at this high rate of speed, and did not blow any horn or give any other signal of his approach, and did not check his car as he approached the crossing. Paragraph 6 alleges, that, " due entirely to the reckless and careless running of defendant's car by the defendant, the defendant's car collided with plaintiff's car, wrecking and damaging plaintiff's car to the extent of $250.00 as aforesaid." Paragraph 7 alleges, that " the running of defendant's car by the defendant at such a high rate of speed at said public crossing, and without checking his car as he approached said crossing, and without giving any signal or alarm of his approach of said crossing, was the grossest kind of negligence, and that said negligence of the defendant was entirely responsible for said accident, as plaintiff's car was driven carefully and with due diligence as required by law on said public crossing, and said accident was unavoidable so far as the plaintiff is concerned, and was due entirely to wanton and negligent conduct of the defendant. " It is prayed that the plaintiff recover " for the damages which she has suffered by reason of the negligent acts of the defendant as aforesaid. "

*W. M. Goodwin,* for plaintiff in error.

*M. L. Gross,* contra.

HILL, J. 1. Two automobiles collided at the intersection of public highways, the collision resulting in the partial demolition of both machines. The owner of one brought suit against the owner of the other for damages. The defendant replied by claiming damages to his car, caused by the driver of the plaintiff's car. In other words, each party to the suit contended that the other was negligent, and sought to recover damages. The negli-

gence alleged against each party was that he was violating the statute limiting the speed of automobiles when approaching the intersection of public highways, each insisting that such negligence of the other was the proximate cause of the damage. The jury found a verdict for the plaintiff, and the motion of the defendant for a new trial was denied.

While both the plaintiff and the defendant may have been guilty of negligence per se in violating the statute regarding the running of automobiles at the intersection of public highways, it did not necessarily follow that plaintiff's negligence was the proximate cause of the injury, or that the plaintiff's negligence was as great as that of the defendant, or that the plaintiff, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence after it became apparent. These questions were exclusively for solution by the jury. *Schofield* v. *Hatfield,* 25 *Ga. App.* 513 (103 S. E. 732) ; *L. & N. R. Co.* v. *Stafford,* 146 *Ga.* 206, 209 (91 S. E. 29). A verdict supported by any evidence cannot be disturbed by this court, in the absence of any material error of law.

2. The allegations of the petition set forth clearly and specifically a cause of action, and the court did not err in overruling either the general or the special grounds of the defendant's demurrer.

3. This court cannot say that there was no evidence to support the verdict for the plaintiff, approved by the trial court.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*