## 17220.  Fuller v. Mills et al.

Stephens, J.  1. A joint enterprise by two persons riding in an automobile along a public highway, the engagement in which will impute the negligence in operating the automobile of one of the persons, who is the driver, to the other person, must be a joint enterprise in controlling, directing, and governing the operation and running of the automobile, and not merely a joint interest in the objects and purposes of the trip.

2. While a husband and wife riding in an automobile on Sunday afternoon for the purpose of taking their children for a pleasure ride and "airing" may be engaged in a joint enterprise in so far as the objects and purposes of the trip are to give recreation to their children, they are not, unless both the husband and the wife have a right to control, direct, and govern the operation and running of the automobile, engaged in a joint enterprise in the control and operation of the automobile. Since the marriage relation gives to the wife no right to control all the movements of the husband, it can not be inferred that the wife, in riding in the husband's automobile which is being operated by him, although they may be engaged in the joint enterprise of taking the children to ride for recreation, has any right to direct and govern the movements of the husband in the control and operation of the automobile. Under such a state of facts the negligence of the husband in operating the automobile can not be imputed to the wife.

3. Where, in a suit by the wife against the owner and operator of another automobile, to recover damages for personal injuries alleged to have been sustained by her by reason of the defendants' automobile negligently running into the automobile driven by the plaintiff's husband, in which she was riding, where the only evidence on which it was sought to impute the husband's negligence to the wife was as indicated above, no issue of such imputable negligence was presented. Where, upon the trial of such a case, the judge instructed the jury that a verdict for the plaintiff might, be reduced in proportion to the plaintiff's negligence, the various excerpts from the charge excepted to, submitting to the jury the issue as to whether the husband's negligence was imputable to the wife, were error harmful to the plaintiff, and a verdict for the plaintiff which, under the evidence, might have been authorized for a larger amount but for the possibility of the jury's having reduced it in proportion to the negligence of the husband imputable to the plaintiff, will, for such error, be set aside on the plaintiff's motion for a new trial.

4. In view of the above-stated rulings, which are controlling, it is unnecessary to pass upon any of the assignments of error which do not relate to the issue of imputable negligence, as such alleged errors are not likely to be committed upon another trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided February 10, 1927.

Action for damages; from city court of Decatur—Judge Daley. January 25, 1926.

Appeal and Error, 4 C. J. p. 650, n. 37; p. 1023, n. 49, 51.

Negligence, 29 Cyc. p. 543, n. 9, 11, 12; p. 643, n. 30.

*Hewlett & Dennis,* for plaintiff.
*McDaniel & Neely,* for defendants.