24328. GRIFFIN *v.* BROWNING *et al.*

STEPHENS J. 1. Where the court charged the jury that a defendant had a right, by an amendment striking a portion of his plea, to withdraw as part of the pleadings an admission made in the plea, and that when this had been done, as in the case on trial, with reference to a designated paragraph of the defendant's plea, the admission as made by the defendant in the plea would not be taken by the jury "as an admission by the defendant in the case," and the jury "would look to all the evidence in the case to see whether or not the plaintiff has carried the burden, by a preponderance of the evidence, of proving all that has been admitted but now denied," and where the court subsequently in the charge instructed the jury that the stricken part of the defendant's plea which

contained the admission, and which was put in evidence by the plaintiff was admissible in evidence, and that, while the defendant was not bound or concluded by the admission in the plea, the jury could consider the stricken portion of the plea containing the admission and which was in evidence "the same as any other evidence under the law and rules of evidence as to admissions," the charge was not subject to the objection that the court therein placed "a greater burden upon the plaintiff than was required by law, as the jury would have a right, upon proper instructions from the court, to have taken the original admission in the original answer of the defendants as being true and to have considered that that solemn admission in judicio was sufficient to carry the burden of proof" to establish the facts admitted in the stricken portion of the plea. *Mims* v. *Jones*, 135 *Ga.* 541, 544 (69 S. E. 824); *McConnell* v. *Gregory*, 146 *Ga.* 475 (91 S. E. 550).

2. The fact that an admission made by the defendant in a plea which had been stricken by amendment and was put in evidence by the introduction of the plea containing the admission had, before the plea was amended, possessed the character of an admission in judicio, does not relieve the admission from the application of the rule of law (generally applicable to all admissions) that admissions should be scanned with care as provided in Code of 1933, § 38-420; Code of 1910, § 5784; and it was not error for the court so to charge. *Payne* v. *Rivers*, 28 *Ga. App.* 28 (2) (110 S. E. 45).

3. Violation of a valid municipal ordinance regulating traffic along a public street is negligence per se. Where a municipal ordinance provides that at street intersections vehicle drivers on the right of other vehicles shall have the right of way, and, in case of accident, drivers who fail to recognize the right of way of those entitled to it shall be deemed guilty of "reckless driving," a violation of the ordinance, which by its terms consists of "reckless driving," is, as applied to the vehicle driver so guilty of "reckless driving," negligence per se. Upon the trial of a case where an issue as to the negligence of drivers of automobiles which have collided at a street intersection was presented, it was not error to admit in evidence the portion of a city ordinance providing that a violation of its provisions consists in "reckless driving," over the objections that the ordinance was an effort by the governing authorities of the city to define ordinary care, and that given in charge this provision of the ordinance was calculated to instruct the jury that the failure of a vehicle driver to recognize the right of way of another driver, as provided by the ordinance, would "under all circumstances" be negligence per se. Especially is there no merit in the last objection, where the court refrained from instructing the jury that a violation of the ordinance constituted negligence per se under all circumstances, but in the charge limited the application of the ordinance to "any situation where, in consideration of all the circumstances, including the distance from the intersection and the relative speed at which they are approaching, the driver of the vehicle on the left could reasonably apprehend that a collision would occur unless he yielded the right of way to the driver on his right, and . . where two vehicles approach an intersection simultaneously or at practically the same time." *Smeltzer* v. *Atlanta Coach Company*, 44 *Ga. App.* 53 (160 S. E. 665).

4. Upon the trial of the case in which the plaintiff sought to recover damages for personal injuries alleged to have been received by him as a result of the negligence of the defendant in the operation of an automobile in which the plaintiff was riding as the defendant's guest, and where the defendant was liable only where the damages sustained proximately resulted from the gross negligence of the defendant in the operation of the automobile, it was not error prejudicial to the plaintiff, upon the ground that the court unduly emphasized that the duty resting upon the defendant was to exercise only slight care or diligence in the operation of the automobile, for the court, after having erroneously charged the jury that the duty required of the defendant was the exercise of "extraordinary" care, to correct this statement at the suggestion of plaintiff's counsel and after counsel for the defendant, upon inquiry from the court as to whether he concurred with the suggestion of plaintiff's counsel, had stated that the degree of care required should be "slight care," and all this occurred in the presence of the jury, and to instruct the jury that the court withdrew the statement that the defendant was chargeable with the duty of exercising "extraordinary" care, and instructed the jury that the true rule was that the defendant was required to be in the exercise of "slight" care. This correction in the judge's charge having been made at the instance of the plaintiff, the plaintiff can not complain. See *Epps* v. *Parrish*, 26 *Ga. App.* 399 (106 S. E. 297); *Peavy* v. *Peavy*, 36 *Ga. App.* 202 (136 S. E. 96).

5. Upon the trial of such a case as just indicated, where it appeared that the plaintiff at the time of the injury was a guest of the defendant in the defendant's automobile, and that both had a common object and purpose in making the trip, although there may have been no evidence to authorize the inference that both had a joint control in directing the operation and running of the automobile, it was not error of which the plaintiff could complain for the court to charge the rule of law, favorable to the plaintiff, that a joint enterprise by two persons riding in an automobile, by which the negligence of the driver would be imputed to the other person, "must be a joint enterprise in controlling, directing, and governing the operation and running of the automobile, and not merely joint in the object and purpose of the trip." See *Fuller* v. *Mills*, 36 *Ga. App.* 357 (136 S. E. 807). This charge was not error upon the ground that it might have misled the jury into the belief that the plaintiff and the driver of the defendant's automobile may have been engaged in a joint enterprise, and that the negligence of the driver might be imputed to the plaintiff.

6. There was no merit in the objection by the plaintiff to testimony adduced at the instance of the defendant on cross-examination of plaintiff's witness, upon the ground that the evidence, being to the effect that an attorney at law, who was not one of the attorneys representing the plaintiff in the pending suit, had been consulted about becoming the plaintiff's lawyer in the case, was prejudicial to the plaintiff as indicating that other counsel had been consulted and had declined to accept the plaintiff's case, where the only evidence adduced in response to the defendant's question as to whether the lawyer referred to had been consulted with a view to his being employed as plaintiff's counsel was that

the lawyer was the plaintiff's Sunday-school teacher but no great friend of the family.

7. The evidence authorized conflicting inferences as to whether the negligence of the defendant in the operation of the automobile was the cause of the plaintiff's injuries. The verdict for the defendant was authorized. No error appears. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, J. concurs. Jenkins, P. J., disqualified.*

DECIDED SEPTEMBER 18, 1935.

*Hewlett & Dennis, Neely, Marshall & Greene,* for plaintiff.
*Colquitt, Parker, Troutman & Arkwright, Ray Williams,* for defendants.