25778.   JONES MERCANTILE COMPANY *v.* COPELAND.

648

*A. J. Henderson, C. H. Calhoun, J. R. Whitaker,* for plaintiff in error.

*Thomas J. Lewis, William T. Townsend,* contra.

JENKINS, P. J. ■ Judges of the superior courts are vested with a sound discretion in the enforcement of rule 25 (Code, § 24-3324), providing that cases be "called and tried in the order in which they are docketed, without any preference or delay, unless it shall appear to the court that it shall be injurious to press a cause to trial when regularly called;" and that "a different order in calling the docket may be pursued by the court, in its discretion, for the purpose of giving facility and expedition to its proceedings, or for furthering the ends of justice." Unless it be shown that the judge abused his discretion or otherwise acted illegally, to the injury of the complaining party, his trial of a case before another preceding it on the docket and set for trial on the same day will not be interfered with by the appellate courts. *Nixon* v. *Lehman,* 137 *Ga.* 516 (2) (73 S. E. 747); *Wood* v. *Wood,* 135 *Ga.* 385 (69 S. E. 549); *Laramore* v. *Chastain,* 25 *Ga.* 592; *Ausley* v. *Cummings,* 145 *Ga.* 750 (5), 757 (89 S. E. 1071); *Duggar* v. *Lackey,* 85 *Ga.* 631 (11 S. E. 1025); *Frost* v. *Pennington,* 6 *Ga. App.* 298 (65 S. E. 41). The record, as to the change in the order of trial of the instant case before a related one preceding it on the docket, fails to show any actual injury to the complaining defendant or any abuse of discretion.

■ When an amendment to a pleading is allowed, the statute requires that the opposite party, when moving for a continuance, must, either by his oath or the statement of counsel in his place, state that "he is surprised by such amendment, and that he is less prepared for trial, and how, than he would have been if such amendment had not been made, and that such surprise is not claimed for the purpose of delay." Code, § 81-1409. In a motion for new trial, if a ground excepting to the refusal of a continuance fails to show such a statement, that surprise was "not claimed for the purpose of delay," or "how and wherein [the

movant was] less prepared to go on with the trial," the ground is insufficient. *Atlantic &c. R. Co.* v. *Douglas,* 119 *Ga.* 658 (46 S. E. 867); *Ga., Fla. & Ala. Ry. Co.* v. *Sasser,* 4 *Ga. App.* 276 (2) (61 S. E. 505). Because of these omissions, the instant exception to the refusal of a continuance is without merit.

■ When two or more persons merely ride together for pleasure in an automobile not jointly owned or jointly hired, the fact that they may agree that each will pay a substantial part of the expenses will not of itself make a joint enterprise; nor will the fact that a contractual prearrangement may exist, by which a common destination of the pleasure trip is agreed on, operate to change the rule, unless it further appears under the express or necessarily implied terms of such arrangement, or by the conduct of the parties, that each has equal control and authority in selecting and changing the route and in governing the time and manner of operation of the car. In other words, in such a case a joint enterprise in the operation of the automobile arises by virtue of a joint and equal right to control the route and the time and manner of operation, rather than the mere sharing of expenses on such a trip to a common destination for a common purpose. These principles elaborate and do not conflict with the rule as previously stated by this court in *Fuller* v. *Mills,* 36 *Ga. App.* 357 (136 S. E. 807), and *Griffin* v. *Browning,* 51 *Ga. App.* 743 (5), 745 (181 S. E. 801), that "a joint enterprise by two persons riding in an automobile along a public highway, the engagement of which will impute the negligence in operating the automobile of one of the persons, who is the driver, to the other person, must be a joint enterprise in controlling, directing, and governing the operation and running of the automobile, and not merely a joint interest in the objects and purposes of the trip."

■ In this suit for personal injuries received in a collision, by a wife who was riding with her husband and others in an automobile driven by its owner, against the owner of a truck driven by another person, the evidence showed a mutual prearrangement between these persons that each would pay his or her respective part of the expenses in driving the car to the World's Fair in Chicago and back to their homes, and that at the time of the injury they were returning to their homes. But the evidence not being such as to demand a finding, under either the express or

necessarily implied terms of the arrangement or by the conduct of the parties, that the wife had an equal control or authority in any change of the route or in the time and manner of operating the car, the court did not err in refusing the request to charge the jury that "any negligence, if there was negligence on the part of the driver of the . . automobile, is imputed to the plaintiff under all the pleadings and testimony." Such an instruction would have erroneously directed the jury to find, as a matter of law, that the plaintiff was engaged in a joint enterprise with the owner driving the car in which she was riding.

■ In the broad legal sense, the liability or responsibility of one person for the negligence of another who is engaged in the same joint enterprise is founded on the general elemental rules of agency as expressed in the Code, § 105-205, embodying rulings of the Supreme Court, that, "for the negligence of one person to be properly imputable to another, the one to whom it is imputed must stand in such a relation or privity to the negligent person as to create the relation of principal and agent." See *East Tenn., Va. &c. Ry. Co.* v. *Markens,* 88 *Ga.* 60, 62 (13 S. E. 855, 14 L. R. A. 281) ; *Atlanta & Charlotte Ry. Co.* v. *Gravitt,* 93 *Ga.* 369, 372 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145). An instruction giving this general legal rule will not be accounted erroneous merely on the ground that the jury is not also informed as to "what facts and circumstances would constitute this relation." *Smith* v. *Brinson,* 145 *Ga.* 406 (4) (89 S. E. 363) ; *Byrd* v. *Grace,* 43 *Ga. App.* 255 (4), 256 (158 S. E. 467). It is also the general rule that "a correct instruction to the jury is not subject to exception for failure, in absence of appropriate request, to embody an additional definitive or explanatory charge." *Sherrer* v. *Holliday,* 165 *Ga.* 413 (2) (141 S. E. 67). Therefore, in the instant case, the court did not err, in the absence of a proper request, in merely charging the general legal rule stated in the Code, § 105-205, without explanation or elaboration.

6. It being for the jury to determine the questions involved as to negligence and proximate cause under the evidence, and there being no merit in any of the special grounds of the motion, the court properly refused a new trial.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*