27571. HARE *v.* SOUTHERN RAILWAY COMPANY *et al.*

Decided November 29, 1939.

James A. Branch, Thomas B. Branch Jr., for plaintiff.

W. Neal Baird, Neely, Marshall & Greene, Edgar A. Neely Jr., for defendants.

BROYLES, C. J. Mrs. Hare brought a suit against the Southern Railway Company and its engineer, Alexander, for the full value of the life of her son, Norman Hare. Her petition alleged that

he was killed in a railroad crossing collision between a train of the defendant company, operated by Alexander, and an automobile in which her son was riding as an invited guest, and that his death was caused by the negligence of the defendants. She alleged that the automobile was owned by Howard Davis and on the occasion in question was being driven by him, and that her son had no control over its operation. On the trial the jury returned a verdict for the defendants. Subsequently the plaintiff's motion for a new trial was overruled, and she excepted to that judgment. The general grounds of the motion are not referred to in the brief of counsel for the plaintiff in error and therefore are treated as abandoned. There are ten special grounds of the motion and all of them complain of alleged errors in the charge of the court.

Grounds 4(b), 5, and 7 complain of certain excerpts from the charge in which the jury were instructed, in effect, that it was for them to determine whether plaintiff's son and Howard Davis were engaged in a joint enterprise, and whether the son had the right of directing, controlling, or influencing the operation of the car while riding therein as an invited guest. The excerpts were assigned as error on the ground that no evidence was introduced tending to show that plaintiff's son and Howard Davis were engaged in a joint enterprise, or that her son had any authority to direct, control, or influence the operation of the car, and therefore no such issues were in the case and it was error to instruct the jury thereon. The only evidence bearing on this question was as follows: Plaintiff's son and Howard Davis worked at the same place and usually rode there in the car of Davis, and that on the morning of their death they were riding to their work in the car which Davis was driving. The undisputed evidence showed that Davis owned the car and that Hare was riding therein as an invited guest; and there was no evidence, direct or circumstantial, that he had any right or duty to control, direct, or influence the operation of the automobile, or that he and Davis were engaged in a joint enterprise in controlling, directing, and governing such operation. In *Fuller* v. *Mills*, 36 *Ga. App.* 357 (1) (136 S. E. 807), this court held: "A joint enterprise by two persons riding in an automobile along a public highway, the engagement in which will impute the negligence in operating the automobile of one of the persons, who is the driver, to the other person, must be a joint enterprise in con-

trolling, directing, and governing the operation and running of the automobile, and not merely a joint interest in the objects and purposes of the trip." See also *Mayor &c. of Savannah* v. *Waters,* 27 *Ga. App.* 813 (1) (109 S. E. 918) ; *Jones Mercantile Co.* v. *Copeland,* 54 *Ga. App.* 647 (3) (188 S. E. 586) ; *Laseter* v. *Clark,* 54 *Ga. App.* 669 (4), 672 (189 S. E. 265) ; *Atlanta & W. P. R. Co.* v. *McCord,* 54 *Ga. App.* 811 (189 S. E. 403). Since the evidence failed to support the allegations of the defendants' plea that Hare and Davis were so engaged in a joint enterprise as to render the negligence of Davis imputable to Hare, the court erred in the instructions given to the jury. *Investors Syndicate* v. *Thompson,* 172 *Ga.* 203 (2-b) (158 S. E. 20) ; *Savannah Electric Co.* v. *Fosterling,* 16 *Ga. App.* 196 (1) (84 S. E. 976) ; *Atlantic Coast Line R. Co.* v. *Baker,* 32 *Ga. App.* 513 (1) (123 S. E. 909) ; *Fuller* v. *Mills,* supra, headnote 3.

Grounds 4(a) and 6 assign error on excerpts from the charge submitting to the jury the question whether the plaintiff's son was guilty of contributory negligence. We think the grounds are meritorious. The record contains no evidence, direct or circumstantial, authorizing such instructions. "There being no evidence to show that the deceased contributed in the slightest degree to the injury which caused his death, the charge of the court on the subject of contributory negligence was not founded on the evidence, and was erroneous." *Bain* v. *Athens &c. Works,* 75 *Ga.* 718 (3) ; *Investors Syndicate* v. *Thompson,* supra.

Ground 10 alleges error on the following charge: "I instruct you that it is a rule of evidence; a rule of law, that the existence of a fact testified to by one positive witness is to be believed, rather than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having existed. This rule shall not apply when two parties having equal facilities for seeing or hearing a thing, one swears that it occurred, and the other that it did not." This charge was error in that the judge failed to state in connection therewith that the rule applies only where the witnesses are of equal credibility. *Humphries* v. *State,* 100 *Ga.* 260, 263 (28 S. E. 25) ; *Southern Ry. Co.* v. *O'Bryan,* 115 *Ga.* 659, 660 (42 S. E. 42) ; *Ware* v. *House,* 141 *Ga.* 410 (2) (81 S. E. 118), and cit. In the instant case the error was not cured by the following statement

of the court made in connection with the erroneous charge: "In this connection I instruct you this rule of law as to the credibility of witnesses. The weight and credit which you will give to the testimony of all witnesses is just such weight as you gentlemen think that it is entitled to receive."

The remaining excerpts from the charge, complained of, when considered in the light of the entire charge disclose no reversible error. *Judgment reversed. MacIntyre and Guerry, JJ., concur.*