29577. DUNCAN v. CRISP.

DECIDED DECEMBER 4, 1942.

H. B. Williams, R. L. Maynard, for plaintiff.
James A. Fort, Dykes, Bowers & Dykes, for defendant.

STEPHENS, P. J. E. A. Duncan sued Charles F. Crisp for damages alleged to have been caused by the negligence of the defendant's agent in the operation of the defendant's automobile, whereby

it collided with the plaintiff's automobile which was being driven by the plaintiff, thereby injuring the plaintiff and wrecking his automobile.

The defendant denied liability. He alleged that his automobile was not being driven by his agent, but at the time of the accident, was being driven by one Beall, who was operating it with the defendant's permission, but on a mission for Beall's own benefit. The defendant also alleged that there had been an accord and satisfaction of the plaintiff's claim for personal injury and property damage, in that the plaintiff, subsequently to the accident, had executed the following release: "Know all men by these presents, that I, E. A. Duncan, for the sole consideration of $486.30 to me in hand paid by Harvey Beall and Charles F. Crisp, the receipt whereof is hereby acknowledged, have released and discharged, and by these presents do for myself, my heirs, executors, administrators, and assigns, release and forever discharge the said Harvey Beall and/or Charles F. Crisp of and from all claims, demands, damages, actions, causes of action, or suits at law or in equity, of whatsoever kind or nature, for or because of any matter or thing done, omitted or suffered to be done by said Harvey Beall and/or Charles F. Crisp, prior to and including the date hereof, and particularly on account of all injuries both to person or property resulting, or to result, from an accident which occurred on or about the 20th day of October, 1938 near Americus, Georgia, on State Route No. 3, about 3 miles northwest of said city." This instrument was dated November 1, 1938. It was executed by the plaintiff under seal and in the presence of two witnesses.

The plaintiff amended his petition and alleged that the defendant had paid or caused to be paid to him the sum set out in the above release; that such sum of money was paid by the Americus Casualty Company acting through its agent and adjuster, James A. Fort, who paid $283.85 of such sum on the hospital and medical expenses incurred by the plaintiff as the result of the accident amounting to $369.85, and that $202.45 was paid in the same manner on the expenses incurred by the plaintiff in repairing his automobile, which amounted to $250.45. The plaintiff alleged that by crediting these amounts on the hospital and medical expenses and the repair bill sued for in his original petition, there was a balance of $144 due by the defendant; that the release was null

and void for the reason that at the time of its execution the plaintiff was suffering from his injuries; that he had been under the constant care of a physician at a hospital from October 20, 1938, until November 8, 1938, seven days after it was claimed that he signed the instrument; that during his stay in the hospital he was treated with highly stimulative medicines; that he was weak, ill, and nervous, and incapacitated to such an extent that he was unable to think clearly and to focus his mind on the contents and import of the instrument which was presented to him for signature by Fort, who at the time was acting for the insurer of the defendant and for the defendant; that the plaintiff at the time was too weak and ill mentally and physically either to know or acquaint himself with the contents of the release, and was not possessed of sufficient will or reason to comprehend that he should postpone its execution to some future time when he might be in condition to apprise himself of its contents; that in such condition it never occurred to him that he might need the benefit of counsel in his negotiations with Fort, and that he was therefore without the benefit of legal advice at the time he signed the release; that the consideration of $486.30 so paid for the signing thereof "was a mere pittance when compared to the injury, pain and suffering received by this plaintiff in said collision," and that such sum was inadequate compensation for his past, present, and future pain and suffering.

The plaintiff further alleged that he did not read the instrument; that the manager of the hospital, in the presence of Fort, stated that Fort had come to pay the hospital bill and car-repair bill, and that by reason of his physical and mental condition he did not read the instrument, but took Fort at his word when he told him that the release was merely a receipt for this money; that on account of his condition he did not know that Fort was representing the defendant or the defendant's insurer, and that he assumed he was simply signing a receipt for his hospital bill and the bill for the repairs to his automobile, but that Fort, acting for the defendant insurer and for the defendant, was fully apprised of the plaintiff's mental and physical condition when he obtained his signature to the release; that his mental and physical condition was such that at the time he signed the release and for several days thereafter he did not know who signed the checks or drafts which Fort de-

livered to him on that occasion; that thereafter, through his attorney H. B. Williams, he offered to restore to the defendant and also to Fort the sum so paid to the plaintiff at the hospital, but was informed that such money would be refused and that it was useless for him to make the tender, and therefore he has been unable to restore the money so paid to him; that on December 21, 1939, before the institution of suit against the defendant, he tendered to the defendant $525.28 in lawful United States currency, which sum comprised the $486.30 so received by him as alleged, plus interest thereon at 7 per cent. per annum from the date it was paid, and that the defendant refused to accept such money.

At the conclusion of the plaintiff's evidence the court granted a nonsuit. The plaintiff excepted on the ground that the evidence showed that Beall, who was operating the automobile of the defendant at the time of the accident, was engaged in a joint adventure and enterprise with the defendant, and also on the ground that the release set out in the answer did not amount to an accord and satisfaction, but only to a partial payment for which credit had been given to the defendant, and that also, the defendant, by paying the sum set out in such release and by obtaining from the plaintiff his signature thereto, admitted the relationship of principal and agent between the defendant and Beall relatively to the accident from which the hospital bill, automobile repair bill, and personal injuries resulted.

The evidence for the plaintiff failed to show that the money paid in consideration of his executing the release was paid by the defendant or by the defendant's insurer in partial payment only of the medical expenses and property damage. It also failed to show that the plaintiff's signature to the release was obtained by fraud and deception practiced on him by the defendant or his agent. See *Morrison* v. *Roberts,* 195 *Ga.* 45 (23 S. E. 2d, 164). The evidence failed to show any act on the part of the defendant, or any person for him, which legally prevented the plaintiff from reading or having read to him the contents of such instrument. It also failed to show that the execution of this release was not a full accord and satisfaction of the plaintiff's claim for damages.

Moreover the evidence, viewed in its most favorable light to the plaintiff, did not show that Beall, in using Crisp's automobile for the purpose of getting fish bait for the defendant and Beall, was

502

performing any errand or service for the defendant, but on the contrary it showed that Beall had undertaken to procure the bait for the trip; that he was to use his own automobile for that purpose, and when he found that his wife was using it he borrowed Crisp's automobile for the purpose of going for the bait. Beall, in obtaining this bait, although he was operating the defendant's automobile, was not acting as the servant or agent of the defendant, but was on his own mission. The fact that the defendant and Beall had planned to go fishing and jointly use the bait to be obtained by Beall, did not render the undertaking by Beall to get the bait a joint enterprise so as to render the defendant liable for the negligent operation of the automobile by Beall. A joint interest with another in the object and purpose of an automobile trip is not enough to render one liable for the negligent acts of the other in the operation of the automobile. See *Fuller* v. *Mills,* 36 *Ga. App.* 357 (136 S. E. 807); *Jones Mercantile Co.* v. *Copeland,* 54 *Ga. App.* 647 (188 S. E. 586). Certainly, if Beall had been using his own automobile Crisp would not have been liable.

The court did not err in granting a nonsuit.

*Judgment affirmed. Sutton and Felton, JJ., concur.*