29667. SHEPPARD *v.* GEORGIA RAILROAD & BANKING CO.

DECIDED DECEMBER 4, 1942. REHEARING DENIED DECEMBER 18, 1942.

*Pierce Brothers,* for plaintiff.
*Cumming, Harper & Nixon, Curry & Curry,* for defendant.

STEPHENS, P. J.   This is a suit by a mother against Georgia Railroad & Banking Company to recover for the alleged negligent homicide of her son, who was killed as a result of a collision at a railroad crossing between the defendant's train and an automobile in which the plaintiff's son was a guest of the driver, riding with other companions, going on a swimming trip.   The plaintiff's son was not the owner or the driver of the car which was being driven by another of the occupants.

The fact that the plaintiff's son and his companions had the same object in the trip, namely, going somewhere for the purpose of going in swimming, does not necessarily constitute them joint operators of the automobile.   It is only when a guest, or other person in an automobile, who is not driving it and who is not the master or owner or in control of it, jointly participates in the automobile's operation by having the right to dictate to the driver the manner and means and method of the operation of the car, and this is negligently done, that this negligence of the driver can be imputed to the guest or other person riding therein.   See *Fuller* v. *Mills,* 36 *Ga. App.* 357 (136 S. E. 807); *Jones Mercantile Co.* v. *Copeland,* 54 *Ga. App.* 647 (188 S. E. 586).   It was therefore error for the court to charge the jury as follows: "The negligence of the driver of an automobile is not imputable to the person riding in the automobile as a guest, unless the guest has the right to control the operation of the automobile, or has an interest in the result of the trip;" and that "no person shall recover from a railroad company where the injury has been caused by his consent, and if you find that the plaintiff's son was with a group of others, all of whom had a unity of intent and purpose in their action so that each consented to the conduct of the other, and that they, including plaintiff's son, consented to, and by reason of such unity of conduct, concurred in, the action of the driver of the car as a member of the group, and you further find that the driver of the car was negligent in not exercising ordinary care in approaching the railroad crossing, and such negligence was equal to or greater than any negligence of which you may find the railroad was guilty, then the plaintiff can not recover in this case."

These instructions were equivalent to charging the jury that the plaintiff's son, merely because he was riding in the automobile with others, going on a trip for a common purpose, with the common

object of going in swimming, whether or not he had any interest in the operation of the automobile itself or right to direct its operation, participated in and was guilty of the negligence of the driver of the automobile.

No reversible error appears in the grounds insisted on in the other exceptions. The errors of the court in charging the jury as above indicated were prejudicial to the plaintiff and favorable to the defendant. They require the grant of a new trial.

*Judgment reversed. Felton, J., concurs. Sutton J., dissents.*

FELTON, J., concurring specially. In addition to the matters held to be error in the foregoing opinion, I think the court erred in charging the jury in other respects. I think the following charge was error: "However, failure to exercise ordinary care on the part of the person injured, after the negligence of which she complains is apparent, or should have been reasonably apparent to or apprehended by her, will preclude a recovery by the plaintiff for any amount. If you find there was no negligence properly attributable to the defendant then this rule, of course, would not apply," because it confused the negligence of the plaintiff and the person injured, and because there was no evidence that the person injured was guilty of any negligence.

The following charge was error: "I charge you that the engineer had the right to assume that the driver of the automobile would exercise ordinary care for the safety of those in the automobile with him, and therefore the railroad is not liable if its alleged acts of negligence were not in fact negligent as to a person operating an automobile with due regard for his own safety, and if you find that the driver of the car, under the law the court gives you in charge, was negligent and this negligence was imputable to plaintiff's son," for the reason that there was no evidence authorizing the finding that the negligence of the driver was imputable to the injured person.

The charge as complained of in ground 28 of the motion is subject to a similar criticism. The same is true as to grounds 29 and 31. The following charge was error because not authorized by the evidence: "I charge you when two or more persons ride together in an automobile on a pleasure trip, the mere sharing of expenses, or a mere common destination or purpose, will not make the trip a joint enterprise, unless, under the express or necessarily

implied terms of the prearrangement of the persons, or by their conduct, each has an equal right of control over the route and time and manner of operating the automobile."

SUTTON, J., dissenting. Mrs. Catherine Sheppard brought suit against Georgia Railroad & Banking Company to recover damages for the alleged negligent homicide of her minor son. The evidence showed that the plaintiff's son, at the time of the homicide, was riding in an automobile owned and being operated by a friend, and that these two and another young man were en route to a place to go in swimming, having picked up four friends, including several young ladies, as guests. At a railroad crossing a few miles out of Augusta, Georgia, the automobile and a freight train of the defendant collided and all occupants of the automobile were killed. The jury returned a verdict for the defendant. The plaintiff filed a motion for new trial on the usual general grounds, and by amendment added thirty-eight special grounds complaining of certain portions of the charge of the court. While it is conceded by the plaintiff that the evidence would have authorized a verdict for either party, she insists that the jury could not have returned a verdict for her under the charge of the court.

The exceptions to the charge of the court as contained in the special assignments of error have been well presented and ably argued by counsel for the plaintiff, but I am of the opinion that no sufficient error of law is shown by any of these exceptions which requires the grant of a new trial. I have carefully examined and studied each objection urged to the charge and am of the opinion that no harmful error is shown for any reason assigned. I deem it unnecessary in this dissent to enter into an extended discussion of each assignment of error as this would require a very lengthy and undue discussion, which would be without practical value. The charge of the court was full, fair, and complete with respect to all of the issues raised by the pleadings and the evidence. When considered as a whole I do not think it can reasonably be said that the jury was confused or misled by it, or that it was harmful to the plaintiff. If it could be said that any excerpt complained of is technically incorrect when separated from the context, the charge elsewhere makes plain to the jury the principles of law which are pertinent and applicable to the evidence introduced on the trial of the case, and when the parts of the charge excepted to are con-

sidered in connection with the charge as a whole no error appears. I am of the opinion that the verdict was right under the evidence and the law applicable thereto, and that it should not be set aside on any of the alleged errors in the charge of the court, as contained in the special grounds of the motion for new trial.