## 19328. HOLLAND *v.* BOYETT.

HEAD, Justice. 1. In order for the occupants of a conveyance to be engaged in a joint enterprise, under the rules of law pertaining to negligence, there must be not only a joint interest in the objects and purposes of the undertaking, but also an equal right, express or implied, to direct and control the conduct of each other in the operation of the conveyance. Code § 105-205; 5 Am. Jur. 786, § 500; 38 Am. Jur. 923, § 237; 65 C. J. S. 813, 814, § 168; *Roach* v. *Western & Atlantic R. Co.,* 93 *Ga.* 785, 786 (4) (21 S. E. 67); *Clement A. Evans & Co.* v. *Waggoner,* 197 *Ga.* 857 (30 S. E. 2d 915); *Fuller* v. *Mills,* 36 *Ga. App.* 357 (136 S. E. 807); *Griffin* v. *Browning,* 51 *Ga. App.* 743, 745 (5) (181 S. E. 801); *Jones Mercantile Co.* v. *Copeland,* 54 *Ga. App.* 647 (188 S. E. 586); *Hare* v. *Southern Ry. Co.,* 61 *Ga. App.* 159, 160 (6 S. E. 2d 65); *Duncan* v. *Crisp,* 68 *Ga. App.* 498, 502 (23 S. E. 2d 515); *Sweet* v. *Awtry,* 70 *Ga. App.* 334, 335 (4) (28 S. E. 2d 154); *Atlanta Metallic Casket Co.* v. *Southeastern Wholesale Furniture Co.,* 82 *Ga. App.* 353 (61 S. E. 2d 196).

2. The defendant was not required to use his car as a condition of the agreement that the plaintiff would purchase supper for both. The facts alleged show that the plaintiff was a "guest" and not an "invitee" at the time he was injured, and the defendant would be liable only for gross negligence. *Holtsinger* v. *Scarbrough,* 69 *Ga. App.* 117 (24 S. E. 2d 869).

3. Questions of negligence are for the jury, and courts will decline to solve such questions on demurrer "except in plain, palpable, and indisputable cases." *Wright* v. *Georgia Railroad &c. Co.,* 34 *Ga.* 330; *Portner Brewing Co.* v. *Cooper,* 116 *Ga.* 171 (42 S. E. 408); *City of Rome* v. *Sudduth,* 121 *Ga.* 420 (49 S. E. 300); *Wynne* v. *Southern Bell Tel. &c. Co.,* 159 *Ga.* 623 (126 S. E. 388); *Western & Atlantic R.* v. *Gray,* 172 *Ga.* 286 (157 S. E. 482); *Hennon* v. *Hardin,* 78 *Ga. App.* 81 (50 S. E. 2d 236); *Stapleton* v. *Stapleton,* 87 *Ga. App.* 417, 421 (74 S. E. 2d 116); *Fields* v. *Altman,* 90 *Ga. App.* 168, 171 (82 S. E. 2d 29). The plaintiff having alleged that the direct and proximate cause of his injuries was the defendant's "gross negligence" in "driving his said automobile at a speed of 35 miles per hour through smoke and fog, which reduced his visibility ahead to a distance of 10 feet or less," and that the defendant was grossly negligent in other stated particulars, this court will not hold, as a matter of law, that gross negligence was not alleged.

4. The Court of Appeals was correct in affirming the judgment overruling the general demurrer, but committed error in certain rulings. (See *Holland* v. *Boyette*, 93 *Ga. App.* 497, 92 S. E. 2d 222 for a statement of facts and the rulings made.) The further proceedings in this cause should be in accord with the rulings here made.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 11, 1956—DECIDED JULY 9, 1956.

*Cain & Smith*, for plaintiff in error.

*C. E. Hay, A. J. Whitehurst*, contra.