## 42340. ASSOCIATED DISTRIBUTORS, INC. v. CANUP.

FRANKUM, Judge. Stripping the petition of its conclusions, the only negligence charged against the defendant in this case is that it maintained on a paved parking area adjacent to its loading platform a mound of tar and gravel pavement about 3 to 4 inches high at its peak, covering an area about equal to the size of a pickup truck, and sloping from the peak outwardly to the general level of the whole parking area. It was alleged that the plaintiff, after having parked his truck adjacent to the loading platform and after taking delivery of an order of merchandise from the defendant, while attempting to descend from the platform to the ground, placed his foot on

the sloping surface of the aforesaid mound of tar and gravel, and that the slope of the mound caused his foot to slip, throwing him to the pavement and fracturing his right ankle.

As has been said often by this court, liability for negligence must be predicated upon foreseeability, that is, it must appear that the alleged negligent condition was such as to put an ordinarily prudent person on notice that some injury might result therefrom. *Misenhamer v. Pharr*, 99 Ga. App. 163, 167 (2) (107 SE2d 875). Accordingly, where the allegations of the petition show that the defect, if any, in the premises alleged to have caused plaintiff's injury "was so slight that no careful or prudent man would reasonably anticipate any danger from its existence" (*McCrory Stores Corp. v. Ahern*, 65 Ga. App. 334, 337 (15 SE2d 797)), no cause of action is set forth. See *Roberts v. Wicker*, 213 Ga. 352, 355 (99 SE2d 84). Paraphrasing the language used by the Supreme Court of South Dakota in Keen v. City of Mitchell, 37 S. D. 247 (157 NW 1049): Owners of premises whereon the public is invited to come are not required to keep their parking lots and other such areas free from irregularities and trifling defects. See *Sanders v. Jefferson Furn. Co.*, 111 Ga. App. 59 (140 SE2d 550), and cases cited therein, wherein the courts of this state have clearly enunciated the rule that one coming upon such premises is not entitled to an absolutely smooth or level way of travel. See also *City of East Point v. Mason*, 86 Ga. App. 832 (72 SE2d 787). The trial court erred in overruling the defendant's motion to dismiss the plaintiff's petition which was made on the ground that it failed to set forth a cause of action against the defendant.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*

ARGUED OCTOBER 4, 1966—DECIDED FEBRUARY 3, 1967.

*Nall, Miller, Cadenhead & Dennis, Donald M. Fain,* for appellant.

*Sam J. Welsch,* for appellee.