## 47613. SHANK v. NEXSEN et al.

QUILLIAN, Judge. The defendant W. R. Shank filed an appeal from the judgment rendered in favor of the plaintiff, Charlotte L. Nexsen, against him and the defendant, Judy Ann DuVall, in a personal injury case. Miss Nexsen was a guest passsenger in an automobile driven by Miss DuVall. She was injured when the DuVall automobile left the road and struck a culvert. Miss DuVall

contended that her vehicle was forced off the road by an automobile driven by Mr. Shank which was towing a house trailer.

1. The appellant contends "the trial court erred in its pre-trial ruling prohibiting counsel for Shank to introduce evidence that the defendant DuVall had, just prior to the accident, received a traffic ticket for speeding." A review of the records discloses the pre-trial ruling was not made a part of the record and therefore this court cannot consider this enumeration of error. *Palmer v. Stevens,* 115 Ga. App. 398, 402 (154 SE2d 803).

2. Enumeration of error number two asserts as error the failure of the trial judge to instruct the jury in regard to comparative negligence as between the plaintiff and Mr. Shank. The plaintiff was a passenger in defendant DuVall's automobile. Under the facts of this case, a charge on comparative negligence would not be authorized unless the plaintiff and Miss DuVall were engaged in a joint enterprise or it is revealed that the plaintiff negligently assumed some control over the operation of the vehicle which act was a part of the proximate cause of the event which brought about the injury. *Fields v. Jackson,* 102 Ga. App. 117, 132 (115 SE2d 877); *Petroleum Carrier Corp. v. Jones,* 127 Ga. App. 675.

There was no evidence that the plaintiff had any right to control the operation of said automobile or that she sought to assume any such direction or control. The fact that plaintiff had agreed to share expenses on the trip with Miss DuVall would not alone constitute a joint enterprise between the two. *Jones Mercantile Co. v. Copeland,* 54 Ga. App. 647 (188 SE 586).

3. The appellant argues that the refusal of the trial judge to give two requests to charge in regard to the defendant DuVall's failure to use ordinary care to avoid the consequences of the appellant's negligence was error. While the exact charges requested were not given, the trial judge properly instructed the jury on the issue of avoidance.

4. It was not error for the trial judge to charge the provisions of *Code Ann.* § 68-1647 (Ga. L. 1953, Nov. Sess., pp. 556, 587) because this section would be applicable to a vehicle which is upon the highway and turns to the right or left from a direct course of travel.

The appellant also complains that Section (b) of the statute was not charged. However, there was no request that the section be charged and no objection that it was not.

5. The remaining enumerations of error are without merit.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*

ARGUED NOVEMBER 7, 1972—DECIDED DECEMBER 1, 1972.

*Greene, Buckley, DeRieux & Jones, James A. Eichelberger,* for appellant.

*Lokey & Bowden, Glenn Frick,* for appellees.

