## 50736. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY v. SCOGIN et al.

STOLZ, Judge.

Plaintiff Scogin sued Southern Bell for damages for personal injuries he sustained when on August 15, 1970, he struck two telephone wires erected and maintained by the defendant over a county road, while the plaintiff and another young man, the driver's son, were sitting on top of a load of bales of hay which they had loaded onto the driver's pickup truck from the driver's fields and which were being transported to the driver's barn. The driver was made a third-party defendant.

From the showing on the defendant's motion for summary judgment, it appeared that the wires, which were located "side by side," varied in height above the roadway from 13 feet 9 inches to 14 feet 8 inches, were erected in 1966 before the road was rerouted thereunder by the county in 1967; that the defendant raised the wires to their present height, which was less than the 18-foot minimum height required by the defendant's rules, but there were electric transmission lines above, which

limited the height at which the telephone wires could be maintained; that the third-party-defendant driver, but not the plaintiff, was aware of the wires' existence; that the heights of the loaded truck and of the wires were not precisely established, but the truck was approximately 12 feet high from the ground to the top of the load of hay.

The defendant appeals from the denial of its motion for summary judgment. *Held:*

Under Code § 104-205, the defendant telephone company had the right to construct, maintain, and operate its telephone lines over the public highway in question, with the approval of the county authorities in charge of the highway, with the proviso that "the posts, arms, insulators, *and other fixtures* of such lines be so erected, placed, and maintained *as not to obstruct or interfere with the ordinary use* of such . . . public highways, or with the convenience of any landowners, *more than may be unavoidable.* "(Emphases supplied.) We construe "other fixtures" of the telephone line to include the telephone wires.

Relative to the "ordinary use" issue, Code Ann. § 68-405 (Ga. L. 1941, pp. 449, 450; as amended by Ga. L. 1969, p. 637), in effect at the time of the injury (although repealed by Ga. L. 1973, pp. 947, 1174), provided that "no vehicle unladen or with load *shall exceed a height of 13 feet six inches;...* "(Emphasis supplied.) Under Code Ann. § 68-406 (Ga. L. 1941, pp. 449, 451), then in effect although repealed by Ga. L. 1973, pp. 947, 1174), it was lawful to operate over the highways of this state any vehicle which complied with the provisions as to dimensions and loads, as stated in Code Ann. § 68-405, supra. Conversely, then, a vehicle *not* in compliance therewith could *not* lawfully operate on the public highways.

"Ordinary use" of the public streets and highways contemplates use as provided by law. Stated another way, when the public streets and highways are used in such a manner as to violate the law, such use is not "ordinary."

"Questions of negligence, diligence, proximate cause, and assumption of risk are generally for resolution by a jury. Likewise, all evidence and inferences therefrom are construed against the movant on motion for summary judgment. These general propositions of law are so

established in our law as not to require citation here. Certainly, the issue presented here is not whether the plaintiff was so guilty of contributory negligence as to bar any recovery or whether the plaintiff had voluntarily placed himself in a position of known peril and thereby assumed the risk incident thereto. The question before us is one of foreseeability on the part of [Southern Bell], for in this state negligence, to be actionable, carries with it the concept of foreseeability. *Deco Leasing Corp. v. Harvey,* 114 Ga. App. 217, 221 (150 SE2d 699); *Hulsey v. Hightower,* 44 Ga. App. 455, 459 (161 SE 664). That is, it must appear that the alleged negligent condition was such as to put an ordinarily prudent person on notice that some injury might result therefrom. *Associated Distributors v. Canup,* 115 Ga. App. 152, 153 (154 SE2d 32); *Misenhamer v. Pharr,* 99 Ga. App. 163 (107 SE2d 875)." *Georgia Power Co. v. Carden,* 128 Ga. App. 347, 349 (196 SE2d 477), affirmed, *Carden v. Georgia Power Co.,* 231 Ga. 456 (202 SE2d 55).

Paraphrasing the quotation in *Georgia Power Co. v. Carden,* supra, p. 350, "[w]here the injury is said to be the result of installing the [telephone] line too low over the [public] road, the inquiry must be, not was there a defect in the installation? but was the [telephone] line so installed that normal travel along the [public] road could proceed in the usual manner without injury to those traveling thereon? and was the accident the natural and probable result of the normal use of the road with the [telephone] line so installed that [Southern Bell] could have foreseen the probability thereof? We answer these questions in the negative, for, as was said in *City of Brunswick* [158 Ga. 792 (124 SE 787)], supra, p. 803, 'Where an injury results from an alleged defect which is not of itself of such dimensions or character as to make an accident probable, it does not justify the submission to the jury of the question of . . . negligence.' "

In this case the telephone lines had been located with the approval of the county authorities. The wires were above the maximum height (13 feet 6 inches) permitted vehicles under Code Ann. § 68-405.

There was no genuine issue of material fact before the trial court for resolution by a jury. It was therefore

error to deny defendant Southern Bell Telephone and Telegraph Company's motion for summary judgment.

*Judgment reversed. Bell, C. J., Deen, P. J., Quillian, Clark, Webb and Marshall, JJ., concur. Pannell, P. J., and Evans, J., dissent.*

ARGUED MAY 21, 1975 — DECIDED SEPTEMBER 24, 1975 — REHEARING DENIED OCTOBER 24, 1975 — 

*Jones, Cork, Miller & Benton, H. Jerome Strickland,* for appellant.

*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, H. T. O'Neal, Jr., Manley F. Brown,* for appellees.

EVANS, Judge, dissenting.

James Edwin Scogin, Jr., aged 19, was riding on top of a truck loaded with hay as it proceeded along a public road in Houston County, Georgia. The truck was driven by an adult, who was aware that certain telephone wires crossed above the road, but Scogin had no such knowledge. When the truck was driven under the wires, Scogin was brought abruptly against the wires and injured. He filed suit against the owner of the wires, to wit: Southern Bell Telephone & Telegraph Company.

The wires were thirteen feet and nine inches above the roadway according to defendant's testimony. (R. p. 94). The law provided that the combined height of vehicles and load should not exceed thirteen feet and six inches. Code Ann. § 68-405. That law has since been repealed but was fully effective on the date of the injury.

It was not proven that the combined height of the truck and load exceeded thirteen feet and six inches ("between twelve feet six inches and thirteen feet one inch," according to plaintiff's testimony. R. p. 45), but defendant takes the position that the boy on top of the load was a part of such load, and his height should be added, and if the boy was a part of the load, the total would have been more than thirteen feet six inches.

A summary judgment was denied to the defendant, and it appeals to this court and contends the lower court should have granted its motion.

1. The burden of defendant's contention is that as its wires were higher (thirteen feet nine inches) than the combined height the truck and load were allowed to be (thirteen feet six inches), that plaintiff was violating the law and thus has no standing to sue defendant, that is, no valid cause of action. But in this connection, defendant obviously overlooks certain controlling authorities which provide that a plaintiff may be guilty of violating a law (per se) and yet he may be entitled to recover. *Schofield v. Hatfield,* 25 Ga. App. 513, 514 (103 SE 732); *Jones v. Tanner,* 26 Ga. App. 140, 142 (105 SE 705); *Louisville & N. R. Co. v. Stafford,* 146 Ga. 206, 209 (91 SE 29); *Tyson v. Shoemaker,* 208 Ga. 28, 31 (65 SE2d 163). Simply because one party to litigation commits negligence per se, while the other party, at most, commits negligence that is not a violation of a law, gives no superior rights to the one who did not commit negligence per se. Such negligence may be equal to or greater than negligence per se, depending on the facts and how the jury decides such questions. See *Tyson v. Shoemaker,* 208 Ga. 28, 31, supra; *Louisville & N. R. Co. v. Stafford,* 146 Ga. 206, 209, supra.

2. Questions of negligence, whose negligence, what negligence, proximate cause, responsibility for negligence, etc., are questions peculiarly for determination by a jury. See *Hanchey v. Hart,* 120 Ga. App. 677, 680 (171 SE2d 918); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178).

3. Another factor in this case which is very important is that the defendant had established its own rules, which provided that its wires should be at least 18 feet above ground level. (R. p. 76) If defendant had complied with its own rules, the injury would not have occurred. It is no excuse to say such rule is solely for guidance of the telephone company in constructing wires, as it has been clearly held that a plaintiff may take advantage of violations of rules of defendant. There is no question whatever here but that defendant violated its own rules. It gave as an excuse that some other company had wires higher than the telephone company's wires, but it was for the jury to decide whether the telephone company should have built and constructed its wires even higher and over the wires of the third party. As to the

law on violation of rules of the defendant, see *Pollard v. Roberson,* 61 Ga. App. 465, 470 (15) (6 SE2d 203); *Callaway v. Pickard,* 68 Ga. App. 637, 650 (23 SE2d 564).

4. Of great importance, also, is the fact that the minor-plaintiff occupied the status of a guest, and was without knowledge of the low-hanging wires across the roadway, which knowledge was possessed by the adult driver. But the passenger is not responsible for, nor is he to be charged with, the negligence of the host-driver. Code § 105-205; *Fuller v. Mills,* 36 Ga. App. 357 (2) (136 SE 807); *Jones Mercantile Co. v. Copeland,* 54 Ga. App. 647 (3), 649 (188 SE 586); *Sheppard v. Ga. R. & Bkg. Co.,* 68 Ga. App. 697-698 (23 SE2d 441). If the minor-plaintiff had known of the wires and how low they were, he could have taken steps to protect himself by getting off the load of hay; but the record does not show that any warning whatever was given to him.

5. The majority opinion places great reliance on the concept of foreseeability and holds that the telephone company could not foresee that someone might be injured as a result of these wires being too low. Yet, the record discloses that in 1967 defendant was requested to raise the height of the wires so that equipment might be used without damage in paving Old Hawkinsville Road. (R. p. 50) Thus, even if the doctrine or concept of foreseeability controlled here (which I do not admit), there is some evidence the telephone company was well aware of the height of these wires as being too low in one instance when the road was paved; and it was a jury question as to notice to the defendant as to probability of someone being damaged in using the road.

6. This being a summary judgment case, all of the evidence, and all inferences from the evidence must be construed most favorably toward the party opposing same (the plaintiff here); and negligence is a question peculiarly for determination by a jury.

7. We do not find it necessary to decide whether the height of the minor-plaintiff was to be added to the height of the loaded truck in computing its total height. We find no authorities cited by either party on this question, and we make no research ourselves because it is not necessary in this case.

8. Therefore, I vote to affirm the lower court in denying summary judgment to defendant, and respectfully dissent from the majority opinion.

I am authorized to state that Presiding Judge Pannell joins in this dissent.